S. R. COTTON, Appellant, v. WABASH RAILWAY COMPANY, Appellee.

**LIMITATION OF ACTIONS:** Federal Employers' Liability Act. An action under the Federal Employers' Liability Act, brought more than two years after the injury was received, may not, under Section 11017, Code of 1924, be deemed a continuation of a former action brought within said two years, but dismissed without negligence in its prosecution.

*Appeal from Pottawattamie District Court.*—G. W. CULLISON, Judge.

SEPTEMBER 26, 1924.

ACTION to recover for personal injuries. A demurrer was sustained to the petition. Plaintiff appeals.—*Affirmed.*

*Kimball, Peterson, Smith & Peterson,* for appellant.

*Tinley, Mitchell, Ross & Mitchell,* for appellee.

ARTHUR, C. J.—I. Plaintiff was injured on November 29, 1917, while employed by defendant in interstate commerce. On September 29, 1919, an action was begun to recover damages on account of the injuries received by plaintiff. Said action was brought under the Federal Employers' Liability Act (U. S. Compiled Statutes 1916, Volume 8, Section 8657 *et seq.*).

In January, 1921, the original action was dismissed by the court, without prejudice. In bringing the action, Thomas Q. Harrison, an attorney of Council Bluffs, Iowa, was attorney for

plaintiff. Harrison became ill, and was for some months confined to his home, and unable to work, and finally died; and the case was dismissed without negligence on the part of plaintiff. Within six months thereafter, on June 7, 1921, plaintiff brought the present action by filing a new petition, alleging a cause of action predicated on the injury which occurred on November 29, 1917, the same injury upon which the original action was based. The injury having occurred on November 29, 1917, and the second petition, the petition in the instant case, having been filed on June 7, 1921, it transpires that the petition in the instant case was filed three years, six months, and eight days after the injury. The demurrer to the petition, which was sustained by the trial court, was based on the fact that the instant action was commenced more than two years after the date on which the right of action accrued,—that is, the date of the injury. The ruling of the trial court was based upon the provision of the Federal Employers' Liability Act which reads:

"No action shall be maintained under this act unless commenced within two years from the day the cause of action accrued." U. S. Compiled Statutes, 1916, Volume 8, Section 8662, page 9432.

Plaintiff, appellant, based his right to maintain the instant action upon the provision of our Code Section 3455, which reads:

"If, after the commencement of an action, the plaintiff, for any cause except negligence in its prosecution, fails therein, and a new one is brought within six months thereafter, the second shall, for the purposes herein contemplated, be held a continuation of the first."

II. The question, then, presented on this appeal is whether Section 3455 is applicable to the instant case. The trial court, by the ruling complained of, held that said section did not apply; and that the petition showed upon its face that the cause of action was barred because it was not commenced within the time prescribed by the Federal Employers' Liability Act.

Counsel for appellant insist that, the original action having been commenced within two years after the cause of action accrued, and the second petition having been filed within six months after the dismissal of the original petition, without prej-

udice, the filing of the second petition operated as a mere continuation of the original action, under the provisions of Section 3455. Said section does say that the second suit shall, "for the purposes herein contemplated," be deemed a continuation of the first. What are the purposes therein contemplated? We think they must be the limitations provided by the statutes of Iowa, not referable to and not applying to a Federal statute creating a right of action and specifically limiting the time within which such action shall be brought, such as the Federal Employers' Liability Act. Section 3455 has been before us for consideration in another aspect, and we have said, in substance, that the statute applies only when no judgment upon the merits is rendered in the first action and the second is brought upon the same cause of action. *McDonald v. Jackson,* 55 Iowa 37; *Cooley v. Maine,* 183 Iowa 560. We have also held that said section does not apply to a stipulation in an insurance policy requiring suit thereon to be brought within a specified time after loss. *Harrison v. Hartford Fire Ins. Co.,* 102 Iowa 112. The section has not been before our court for interpretation with respect to its applicability to the Federal Employers' Liability Act. Similar statutes have been construed by other courts regarding the question here involved, in harmony with the holding of the trial court and against the contention of appellant in the instant case. Among the cases are *Vaught v. Virginia & S. W. R. Co.,* 132 Tenn. 679 (179 S. W. 314); *Kavanagh v. Folsom,* 181 Fed. 401; *United States ex rel. Gardner Lbr. Co. v. Boomer,* 183 Fed. 730. The Tennessee court in the *Vaught* case treats the question exhaustively. A suit was brought by an administrator, alleging a cause of action under the Federal Employers' Liability Act for the wrongful death of his decedent. The action was brought within the two-year period, but was dismissed without prejudice to bringing another action, and a new action was commenced within one year after the dismissal of the first action, but after the expiration of two years from the accrual of the cause of action. A demurrer like the one in the instant case was sustained. The plaintiff based his right to maintain the new action upon a Tennessee statute similar to our Section 3455, but providing that the new action must be com-

menced within one year after failure of the first action. On appeal, the Tennessee court said:

"The right to sue under the Federal Employers' Liability Act is conditioned on suit being brought within two years from the day the cause of action accrued. The liability and the remedy are created by the same statutes, and the limitation of that remedy is necessarily a limitation of the right. See *Harrisburg v. Rickards*, 119 U. S. 199 (7 Sup. Ct. 140, 30 L. Ed. 362). While the question has not been directly disposed of, so far as we know, upon reason it cannot be true that there must be different rules of limitation in the states, depending upon state statutes, extending time or granting a saving of limitation. The conclusion is inevitable that the Federal government did not intend for the limitation of this right to be changed or altered by the statute of any particular state. The case of *Morrison v. Baltimore & O. R. Co.*, 40 App. D. C. 391 (Ann. Cas. 1914 C 1026), a District of Columbia case, construed the limitation of one year in the former Employers' Liability Act of June 11, 1906 (34 Stat. 232, Ch. 3073). While not an opinion of the highest Federal court, it is well considered. It was averred that suit was delayed under an agreement with the defendant, which agreement was made for the fraudulent purpose of inducing delay until the expiration of the period of limitation, and that the agreement had been violated. The court said: 'The time within which the suit must be brought operates as a limitation of the liability itself, as created, and not of the remedy alone. It is a condition attached to the right to sue at all. * * * Time has been made of the essence of the right, and the right is lost if the time is disregarded. The liability and the remedy are created by the same statutes, and the limitations of the remedy are therefore to be treated as limitations of the right.' The terms of limitation of the act of 1906 (which act was held invalid, except in the District of Columbia and territories of the United States) are the same as those in the present law, except the period of time has been extended from one to two years. Upon this question, Thornton, in his work on the Federal Employers' Liability and Safety Appliance Acts (2d Ed.), Section 114, pp. 173, 174, states the rule as follows: 'The action must

be brought within two years after the death of the injured person, and the time is not extended by the pendency and dismissal of a former action, as allowed by some codes in the ordinary cases. The statute requiring the action to be brought within two years is not, strictly speaking, a statute ·of limitations, which must be specifically pleaded, but is an absolute bar, not removable by any of the ordinary exceptions of that statute.' A similar proposition was passed upon by the Federal Circuit Court of Appeals (eighth circuit) in the case of *Tom J. Gardner Lbr. Co. v. Boomer*, 106 C. C. A. 168 (183 Fed. 730). That was an action under the Federal statute requiring bonds to be given by contractors doing government work for the benefit of furnishers of material, etc., being an act of Congress of February 24, 1905 (33 Stat. 811, Ch. 778 [U. S. Comp. Stat. 1913, Section 6923]), in which act a limitation was fixed of one year after the performance of final settlement of contract for the enforcement of the right given. Suit had been brought in the state court of Colorado, and dismissed, and was again brought in the Federal court, after the lapse of one year. Plaintiff relied upon the Colorado statute, which permitted the commencement of a new action within one year after dismissal without trial upon the merits. It was insisted that. the state statute should govern, under Section 721, Revised Statutes of the United States (U. S. Comp. Stat. 1913, Section 1538), which provides that: 'The laws of the several states, except where the Constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply.' The Federal court refused to adopt the application of the Colorado statute, and used the following language: 'When the United States have enacted a statute of limitations as to a cause of action created by them, there is no room for the application of the statute of limitation prescribed by another sovereignty. It is only where the Constitution, treaties, and statutes of the United States do not otherwise require or provide that the laws of the several states shall be regarded as rules of decision in trials at common law in the courts of the United States in cases where they apply.' We think these authorities are sound. It was not

the intention of Congress, upon enactment of this law, to permit any variation of its terms by the legislatures of the states; but the intention is clear, from the rules of law applying in such matters, as well as upon reason, that Congress, in taking over the control of this whole subject, intended that the limitation of two years was a condition upon the right to sue at all. The statute created a right of action which did not before exist. The condition to that right was that suit should be instituted within two years from the date the right of action accrued. While Congress gave the right to institute the action in the state courts, this does not change the rule so well settled in other actions of like character predicated upon Federal statutes. The act broadened the forum within which suit might be instituted, and extended it to the state courts; but it is, nevertheless, a Federal law. There is no provision in the Federal act giving the right, upon voluntary nonsuit, to institute a new action after the expiration of the two years."

We reach the conclusion that the trial court was right in sustaining the demurrer to plaintiff's petition. Accordingly, the case is affirmed.—*Affirmed.*

STEVENS, DE GRAFF, and VERMILION, JJ., concur.