**Otto V. BURNETT, Plaintiff-Appellant,**

v.

**The NEW YORK CENTRAL RAILROAD COMPANY, Defendant-Appellee.**

**No. 15627.**

United States Court of Appeals
Sixth Circuit.

June 2, 1964.

Douglas G. Cole, Cincinnati, Ohio (Goldman, Cole & Putnick, Cincinnati, Ohio, on the brief), for appellant.

John J. Farley, Cincinnati, Ohio (Davis, Farley, Short & Roberts, Cincinnati, Ohio, on the brief), for appellee.

Before WEICK, Chief Judge, and O'SULLIVAN and PHILLIPS, Circuit Judges.

WEICK, Chief Judge.

The question in this appeal is whether the three year period of limitation within which actions for damages under the Federal Employers' Liability Act (45 U.S.C. § 56 [1]) must be brought, may be extended by the Ohio Savings Statute.[2]

Plaintiff, a resident of Kentucky and an employee of the railroad, was injured on March 17, 1960, in the course of his employment in the state of Indiana. He filed suit under the Act in the Common Pleas Court of Hamilton County, Ohio, on March 15, 1963, just a few days before the statute had run. The action in the state court was dismissed on June 4, 1963 because of improper venue. On June 12, 1963 plaintiff instituted the present action in the United States District Court for the Southern District of Ohio. The District Court sustained defendant's motion to dismiss on the ground

---

1. 45 U.S.C. § 56:
   "No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued."

2. Ohio Rev.Code § 2305.19 provides:
   "In an action commenced, or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date. This provision applies to any claim asserted in any pleading by a defendant. * * *"

that the action was barred by the three-year limitation in the Act.

The limitation provided in the Act contains no exceptions. Plaintiff seeks to engraft the Ohio Savings Statute on the Act as an exception.

The Ohio Savings Statute is in the chapter of the Ohio Code dealing with limitation of actions. In this chapter there is a specific limitation for actions for bodily injury or for injury to personal property. R.C. § 2305.10 provides:

> "An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

If the Ohio statute of limitations had been applicable, the first action commenced in the Common Pleas Court would have been barred since it was not filed within two years from the date of the accident.

In the absence of a Federal statute of limitations, the state statute of limitations would control. Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L. Ed. 743; Englander Motors, Inc. v. Ford Motor Co., 293 F.2d 802, 804 (C.A.6). In such a situation, the period of limitation would not have been uniform throughout the country, but would have varied depending upon the particular statute of each state. If plaintiff had filed the present action in a state which had no Savings Statute, there would be no question about his claim being barred.

■ The undoubted purpose of Congress in enacting the three-year limitation in the Act was to bring about uniformity of application. The limitation in the Federal statute controls over a inconsistent state statute. Atlantic Coast Line R. Co. v. Burnette, 239 U.S. 199, 200, 36 S.Ct. 75, 60 L.Ed. 226; 34 Am.Jur., Limitation of Actions, § 53, pp. 51, 52.

■■ But the limitation in the Act is more than merely procedural. It is contained in an Act which created a new right and prescribed the remedy. The remedy is a part of the right and is a matter of substance. Failure to bring the action within the time prescribed extinguished the cause of action. Central Vermont Ry. Co. v. White, 238 U.S. 507, 35 S.Ct. 865, 59 L.Ed. 1433; Harrisburg v. Rickards, 119 U.S. 199, 214, 7 S.Ct. 140, 30 L.Ed. 358; Bell v. Wabash Ry. Co., 58 F.2d 569 (C.A.8); American R. Co. of Porto Rico v. Coronas, 230 F. 545, L.R.A.1916E, 1095 (C.A.1); 35 Am.Jur., Master and Servant, § 469, p. 885.

■ The State Savings Statute was not applicable. Bell v. Wabash Ry. Co., supra; United States to use of Gibson Lumber Co. v. Boomer, 183 F. 726, 730 (C.A.8); Cotton v. Wabash R. Co., 198 Iowa 535, 199 N.W. 1005, 36 A.L.R. 913.

Appellant concedes that—

> " * * * during the period 1910–1947 American Courts uniformly held that statutory actions generally, and the FELA (45 U.S.C.A. § 56) in particular, could not be tolled after the manner of remedial statutes of limitation, for any reason, even for fraud or concealment."

He states:

> "It is from this period of American jurisprudence that the trial court abstracted the rule applied to this case." (Appellant's brief, p. 3)

Appellant contends that since 1947 Courts have applied exceptions to the rule and one should be applied here. He relies on the following cases: Osbourne v. United States, 164 F.2d 767 (C.A.2), where a limitation was tolled because the litigant was a prisoner of war; Frabutt v. New York, C. & St. L. R. Co., 84 F. Supp. 460 (W.D., Pa.), where the limitation was extended as between citizens of countries at war; Scarborough v. Atlantic Coast Line R. Co., 178 F.2d 253, 15 A.L.R.2d 491 (C.A.4), cert. denied 339 U.S. 919, 70 S.Ct. 621, 94 L.Ed. 1343 and subsequent decisions reported in 190 F.2d 935 and 202 F.2d 84; Fravel v. Pennsylvania R. Co., 104 F.Supp. 84 (D., Md.); Toran v. New York, N. H. & H. R. Co., 108 F.Supp. 564 (D., Mass.), where the Courts applied the doctrine of estoppel to

toll the statute on account of fraud practiced on the plaintiff by the prevailing party.

The Supreme Court in Glus v. Brooklyn Eastern Dist. Terminal, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770, and this Court in Louisville & Nashville R. Co. v. Disspain, 275 F.2d 25 (C.A.6), applied the same principle in tolling the limitation in the Act because of fraud.[3]

In Glus, the Court said: "To decide the case we need look no further than the maxim that no man may take advantage of his own wrong." (359 U.S. at 232, 79 S.Ct. at 762).

In Osbourne and Frabutt the litigants were relieved of the consequences of the Act because of circumstances beyond their control, namely, prisoner of war, and war.

The closest case cited by appellant was Breneman v. Cincinnati, New Orleans & Texas Pacific Railway Co., 48 Tenn.App. 290, 346 S.W.2d 273, where plaintiff in an FELA case had been non-suited in the District Court and brought a second suit in the state court in Tennessee within the period permitted by a state statute (T.C.A. § 28-106) somewhat comparable to the Ohio Savings Statute. The Tennessee Court was of the view that although there was a conflict in the Federal cases, "Glus * * * has effected a change in the rule of the earlier cases". We agree that the rule may have been changed with respect to cases involving fraud. In Breneman, the railroad physician had misadvised plaintiff concerning his injury.

We find nothing in Glus indicating that the Supreme Court has overruled previous cases holding that the limitation in the Act was substantive and not procedural. In our judgment, cases involving fraud are inapposite. We prefer to follow the decisions in Bell, Gibson Lumber Co. and Cotton, supra, which are precisely in point.

The predicament in which plaintiff finds himself was caused not by fraud

but by his own act or failure to act. We are not prepared to extend the rule in Glus to the facts of the present case.

The judgment of the District Court is affirmed.

---

3. There is a conflict of authority on whether a substantive statute of limitation may

be tolled because of fraudulent concealment. 15 A.L.R.2d 500, 502.