Escelles GARRISON, Appellant,

v.

INTERNATIONAL PAPER COMPANY, Appellee.

No. 82–2428.

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1983.

Filed Aug. 16, 1983.

John W. Walker, John W. Walker, P.A., Little Rock, Ark., for appellant.

Bridges, Young, Matthews, Holmes & Drake, Pine Bluff, Ark., for appellee.

Before ROSS and McMILLIAN, Circuit Judges, and HANSON,[*] Senior District Judge.

HANSON, Senior District Judge.

Escelles Garrison filed an employment discrimination complaint against the International Paper Company. The complaint was dismissed with prejudice for failure to prosecute. Garrison appeals. We affirm.

## I. FACTS

Garrison filed a sex and race discrimination complaint against her employer, the International Paper Co., with the Equal Employment Opportunity Commission (EEOC) in 1975. On April 7, 1976, the EEOC issued a right to sue letter.

On July 6, 1976, Garrison filed a timely complaint against International Paper Co. stating a cause of action under 42 U.S.C. § 1981 and Title VII, 42 U.S.C. § 2000e, *et seq.* Trial was set for August 1, 1978. Twenty-six days before the trial date, on July 6, 1978, Garrison's attorney moved to withdraw from the case and to continue the case so that Garrison could obtain other counsel. In support of this motion, Garrison's attorney cited "irreconcilable differences between plaintiff and counsel in regard to the prosecution of this cause." The motion was granted on July 10, 1978 and trial was reset for October 17, 1978. Four days before the reset trial date, Garrison telephoned the district court[1] and asked

---

* The Honorable WILLIAM C. HANSON, United States Senior District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

1. The Honorable Oren E. Harris, United States Senior District Judge for the Eastern and Western Districts of Arkansas.

that the trial be postponed because she had not acquired counsel. The court continued the case for 60 days and instructed Garrison that the case would be dismissed if counsel did not enter an appearance on her behalf within that time. Garrison appeared at docket call on December 11, 1979 and stated that she still had no attorney but intended to get one. The court then entered an order which stated that if an attorney did not enter an appearance on Garrison's behalf by January 11, 1980 the case would be dismissed without prejudice as of that date. Garrison failed to obtain counsel by the required date, which resulted in the dismissal of her case without prejudice. On January 22, 1981, the court wrote Garrison and explained that "[t]he effect of the order is that you may have one year to obtain the services of an attorney to refile your case." [2]

The instant action began almost one year later, on December 10, 1980, when Garrison, still without counsel, filed her EEOC charges with the court. This *pro se* "complaint" was never served on International Paper. After nine months, on September 17, 1981, the district court [3] ordered Garrison to file a formal complaint by October 19, 1981 and to serve process of International Paper no later than October 26, 1981. Garrison finally retained counsel and complied with the court's order, filing a complaint stating claims under Title VII and § 1981 and serving process on International Paper by the required dates. On November 23, 1981, International Paper moved to dismiss the complaint. Garrison failed to resist this motion which remained pending for ten months. On September 27, 1982, the district court [4] dismissed the complaint with prejudice for the reasons urged by International Paper and for failure to prosecute. Garrison subsequently moved for reconsideration of the court's order, which the court denied. This appeal followed.

## II. DISCUSSION

The district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for failure to prosecute. *Link v. Wabash Railroad Co.,*

---

2. The court's advice was apparently based on a saving clause in the Arkansas statute of limitations which entitles a party to refile a cause of action within one year after its dismissal without prejudice. Ark.Stats.Ann. § 37–222.

We note that this advice was only in part correct. Title VII actions are governed by a federal statute of limitations which requires that an action be brought within 90 days after the plaintiff receives notice of the right to sue. 42 U.S.C. § 2000e–5(f)(1). Because Title VII actions are governed by a federal statute of limitations, the Arkansas saving clause is inapplicable. *Holmberg v. Armbrecht,* 327 U.S. 392, 395, 66 S.Ct. 582, 584, 90 L.Ed. 743 (1946) ("If Congress explicitly puts a limit upon the time for enforcing a right which it created, there is an end of the matter."); *Gatlin v. Missouri Pac. R.R. Co.,* 631 F.2d 551 (8th Cir.1980) (Arkansas saving clause at issue here held inapplicable to action under federal Railway Labor Act, which has its own federal statute of limitations); *Johnson v. Ry. Express Agency, Inc.,* 489 F.2d 525 (6th Cir.1973), aff'd, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) (State saving clause giving one year to refile after dismissal without prejudice held inapplicable to Title VII claim). The 90-day limitation period for Title VII actions is jurisdictional and thus cannot be extended by leave of court or upon equitable considerations. *Hinton v. CPC International,*

*Inc.,* 520 F.2d 1312 (8th Cir.1975). Some circuits have suggested, as a matter of federal law, that the 90-day limitation period begins to run again after a dismissal without prejudice. *See, e.g., Johnson v. Ry. Express Agency, Inc., supra,* 489 F.2d at 529. However, this court has stated that "dismissal without prejudice operates to leave the parties as if no action had been brought at all." *Moore v. St. Louis Music Supply Co., Inc.,* 539 F.2d 1191, 1194 (8th Cir. 1976).

On the other hand, the Arkansas saving clause does apply to Garrison's § 1981 claim. *Whittle v. Wiseman,* 683 F.2d 1128 (8th Cir. 1982); 42 U.S.C. § 1988.

In any event, the district court's partially erroneous advice has no bearing on the equities in this case. The district court allowed Garrison three postponements to obtain counsel before dismissing the case without prejudice, and our analysis of Garrison's failure to prosecute would be the same if the court's advice had been wholly correct or had not been given at all.

3. The Honorable Elsijane Roy, United States District Judge for the Eastern District of Arkansas.

4. The Honorable Oren E. Harris, United States Senior District Judge for the Eastern and Western Districts of Arkansas.

370 U.S. 626, 630, 82 S.Ct. 1386, 1388–1389, 8 L.Ed.2d 734 (1962). Such a dismissal is reviewable only for abuse of discretion. *Id.,* at 633, 82 S.Ct. at 1390; *Lorin Corp. v. Goto & Co., Ltd.,* 700 F.2d 1202, 1208 (8th Cir.1983).

■ Dismissal with prejudice is a harsh sanction which should be imposed only after balancing the policy of giving the plaintiff her day in court against policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures. *See Moore v. St. Louis Music Supply Co., Inc.,* 539 F.2d 1191 (8th Cir.1976); *Navarro v. Chief of Police, Des Moines, Iowa,* 523 F.2d 214 (8th Cir.1975). In striking this balance, all the facts and circumstances of the case must be considered. *Navarro v. Chief of Police, Des Moines, Iowa, supra.*

■ The most important factor in the balance is the egregiousness of the plaintiff's conduct. *Moore v. St. Louis Music Supply Co., Inc., supra.* A pattern of intentional delay by the plaintiff is sufficiently egregious conduct to warrant dismissal with prejudice. *See Link v. Wabash Railroad Co., supra,* at 633 ("deliberately proceeding in dilatory fashion" constitutes failure to prosecute); *Lorin Corp. v. Goto & Co., Ltd., supra,* 700 F.2d at 1207 (dismissal with prejudice "should not be imposed unless the default was willful or in bad faith"); *Navarro v. Chief of Police, Des Moines, Iowa, supra,* 523 F.2d at 217 ("clear record of delay or contumacious conduct" would justify dismissal with prejudice); *Welsh v. Automatic Poultry Feeder Co.,* 439 F.2d 95, 97 (8th Cir.1971) ("Willful as used in the context of . . . failure to prosecute implies a conscious or intentional failure to act, as distinguished from accidental or involuntary noncompliance and no wrongful intent need generally be shown.")

■ The district court could reasonably discern a pattern of intentional delay in the history of this case. After Garrison's attorney withdrew from the first case the district court gave Garrison ample opportunity to retain new counsel, granting three postponements for that purpose over a period of 18 months. Yet Garrison failed to retain new counsel, missing each of the three deadlines set by the court when it granted postponement for her to retain counsel. After her first action was dismissed for failure to retain counsel eleven months passed before Garrison initiated the instant action, and she was still without counsel. After filing her *pro se* "complaint" in the instant action, Garrison failed to serve process on International Paper over a period of nine months. Finally, Garrison failed to respond to International Paper's motion to dismiss for a period of ten months. Each of the delays in this long history could conceivably be excused by some special circumstance, but no excuse has been offered. Absent any excuse, this history shows a pattern of intentional delay justifying dismissal with prejudice for failure to prosecute. *See Moore Co. of Sikeston, Mo. v. Sid Richardson Carbon & Gas Co.,* 347 F.2d 921, 923 (8th Cir.1965) ("Rule 41(b) [providing for dismissal for failure to prosecute] provides adequate protection against unreasonable delay in serving process . . ."); *Grunewald v. Missouri Pacific Railroad Co.,* 331 F.2d 983 (8th Cir.1964) (dismissal affirmed where trial was postponed after plaintiff's original counsel withdrew, trial was again postponed when plaintiff failed to retain new counsel until eve of reset trial date, and new counsel withdrew on eve of trial).

A secondary factor in striking the required balance is the adverse effect of the plaintiff's conduct on the defendant and on the administration of justice. *Moore v. St. Louis Music Supply Co., Inc., supra.* In this case Garrison's substantive claims relate to events which occurred between June 1972 and October 1975, from eleven to eight years ago. The district court could reasonably conclude that International Paper would be prejudiced and justice not served by the trial of these stale claims, since memories will have faded and evidence will have been lost in other ways. *Pearson v. Dennison,* 353 F.2d 24, 28 (9th Cir.1965) ("Delay is almost always prejudicial . . .").

## III. CONCLUSION

Finding no abuse of discretion in the district court's dismissal of Garrison's complaint for failure to prosecute,[5] we affirm.

---

**5.** We also note that Garrison's Title VII claim is barred by the statute of limitations since the instant action was not brought within 90 days after Garrison received her right to sue letter. *See* Note 2, *supra*.