**Donald R. DAVIS, Plaintiff–Appellant,**

v.

**SMITH'S TRANSFER, INC. and Teamsters Local Union No. 549, Defendants–Appellees.**

No. 87–5709.

United States Court of Appeals, Sixth Circuit.

Submitted Feb. 5, 1988.

Decided March 2, 1988.

Donald R. Davis, pro se.

Howard E. Jarvis, Baker, Worthington, Crossley, Stansberry and Woolf, Johnson City, Tenn., Charlton R. DeVault, Jr., Kingsport, Tenn., for defendants-appellees.

Before JONES and MILBURN, Circuit Judges, and JOINER, Senior District Judge.*

PER CURIAM.

This Tennessee plaintiff appeals a district court's judgment dismissing his hybrid § 301, Labor Management Relations Act, 29 U.S.C. § 185, suit for being filed beyond the six-month statute of limitations provided in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). The district court determined that the plaintiff's cause of action accrued on April 8, 1985, when his grievance was denied, and that the effective filing date of his suit was October 2, 1986, approximately one year and six months later. The suit was therefore considered untimely.

On appeal, plaintiff argues that his § 301 action was filed in a timely manner because he first filed his suit on October 7, 1985, within six months after his grievance was denied. Although he later voluntarily dismissed the suit, plaintiff maintains that this earlier date controls and not the later date of October 2, 1986, when he refiled his suit. Plaintiff relies on the Tennessee saving statute contained in Tenn.Code Ann. § 28-1-105 and tolling principles to argue that his suit was timely even if the refiling date is considered the effective filing date of his suit.

Upon consideration we now reject plaintiff's arguments and affirm the judgment of the district court.

■ The initial filing of plaintiff's suit within the six-month time period is simply not the effective filing date of plaintiff's suit because it was later dismissed by the plaintiff under Fed.R.Civ.P. 41(a). A suit, so dismissed, does not toll nor effect in any way the continuous running of the applicable statutory time period. *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28 (6th Cir.1987) (per curiam); *Harris v. City of Canton*, 725 F.2d 371, 376–77 (6th Cir. 1984).

■ Plaintiff's reliance on Tenn.Code Ann. § 28-1-105 (1986) to save his untimely action is likewise misplaced. The Tennessee saving statute cannot be applied to defeat the federal policy underlying the six-month statute of limitations of § 10(b). Although this court has not yet addressed this issue in the context of a hybrid § 301 action, our previous holdings in *Johnson v. Railway Express Agency*, 489 F.2d 525 (6th Cir.1973), *aff'd on other grounds*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), and *Burnett v. New York Cent. R.R. Co.*, 332 F.2d 529 (6th Cir.1964), *rev'd on other grounds*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965), strongly imply such a result. In *Johnson* and *Burnett* this court refused to apply state saving statutes to extend the time for filing an action under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq., and the Federal Employers' Liability Act (FELA), 45 U.S.C. § 56, respectively. *Johnson*, 489 F.2d at 530 (discussing the Tennessee saving statute in relation to Title VII); *Burnett*, 332 F.2d at 530 (discussing both the Ohio and Tennessee saving statutes in the context of the FELA). In those opinions, we concluded that the strong federal policy of uniformity underlying the federal statutes precluded application of the state saving statutes. This same reasoning applies in the present case as application of Tenn.Code Ann. § 28-1-105 (1986) would tilt the balance struck between the national interests in stable bargaining relationships and finality of private settlements and likewise detract from the uniformity achieved by consistently applying the six-month time period contained in § 10(b) of the National Labor Relations Act. *See DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 171, 103 S.Ct. 2281, 2294, 76 L.Ed.2d 476 (1983).

■ Plaintiff's remaining claims are also without merit. There is no issue of retroactivity in this case. Because plaintiff's claims accrued two years after *DelCostello*

* The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation.

was decided, the *DelCostello* decision is fully applicable to this case. Given the absence of any facts suggesting fraudulent concealment on the part of the defendants, plaintiff's argument for equitable tolling on the basis of fraudulent concealment is meritless. *See Shapiro v. Cook United, Inc.*, 762 F.2d 49, 51 (6th Cir.1985) (per curiam). The district court also correctly concluded that it lacked jurisdiction to decide plaintiff's related claim of unfair labor practices because plaintiff failed to file this claim before the National Labor Relations Board. *See San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959).

For these reasons, the judgment of the district court is AFFIRMED.