930 F.2d 919
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mary A. VOGEL, Petitioner-Appellant,
v.
Anthony FRANK, Postmaster General, Defendant-Appellee.
 No. 90-4052.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1991.
 
 1
 Before RYAN and SUHRHEINRICH, Circuit Judges, and ZATKOFF, District Judge.*
 
 ORDER
 
 2
 Mary A. Vogel, a pro se Ohio citizen, appeals the district court's order dismissing her age, sex and handicap discrimination action filed pursuant to 42 U.S.C. Sec. 2000e-16 and 29 U.S.C. Secs. 663(a) and 791. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In May 1986, Vogel was separated from her job as a letter carrier in the Upper Sandusky (Ohio) Post Office on grounds that she was physically unable to perform her duties. Vogel had been employed by the Postal Service since July 15, 1967. Subsequently, she filed a complaint with the EEOC alleging that her separation constituted discrimination on the basis of her sex, her age (55) and her physical handicaps (osteoporosis and leg pain). Shortly thereafter, on April 21, 1987, the EEOC issued its final agency decision which concluded that Vogel had not been the subject of discrimination. That decision advised Vogel of her right to file a civil action in the district court within thirty days of receipt of the decision. On May 20, 1987, Vogel, who was represented by counsel, filed her initial complaint in the district court. Thereafter, Vogel filed an amended complaint on April 19, 1988, naming the Postmaster General as the proper defendant. The amended complaint, however, was voluntarily dismissed without prejudice on December 27, 1988. A year later, on December 20, 1989, Vogel filed the instant complaint, proceeding pro se.
 
 
 4
 After a review, the district court granted defendant's motion to dismiss, finding that it lacked jurisdiction to hear the case because the complaint was barred by the applicable thirty day statute of limitations set forth in 42 U.S.C. Sec. 2000e-16(c). Vogel has filed a timely appeal. On appeal, she asserts that the limitations period had been equitably tolled by operation of Ohio Rev. Code Sec. 2305.19, the state's savings statute.
 
 
 5
 Upon review, we conclude that the district court lacked subject matter jurisdiction to consider Vogel's complaint because it was filed beyond the applicable statute of limitations period. See 42 U.S.C.A. Sec. 2000e-16(c) (West 1981). Moreover, neither equitable tolling nor the state savings statute renders Vogel's complaint timely. See Irwin v. Veterans Administration, 111 S.Ct. 453, 457 (1990), and Davis v. Smith's Transfer, Inc., 841 F.2d 139, 140 (6th Cir.1988), respectively.
 
 
 6
 Accordingly, the district court's judgment is affirmed for the reasons stated in the district court's memorandum and order filed October 18, 1990. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, U.S. District Judge for the Eastern District of Michigan, sitting by designation