Claude C. WILLIAMS, Plaintiff,

v.

UNITED STATES POSTAL SERVICE, Marvin Runyon, Postmaster General; National Association of Letter Carriers Union, Paul C. Davis, Individually, John Powers, Individually, Barry Purdy, Individually, Defendants.

No. CIV–93–1269–R.

United States District Court, W.D. Oklahoma.

Sept. 28, 1993.

Claude C. Williams, pro se.

Steven K. Mullins, U.S. Attorney's Office, Oklahoma City, OK, for defendants.

## *ORDER*

DAVID L. RUSSELL, District Judge.

Defendants National Association of Letter Carriers Union ("NALC"), Paul C. Davis and Barry Purdy have filed a motion to dismiss pursuant to F.R.Civ.P. 12(b)(6) on the grounds that Plaintiff's claims against NALC for breach of the duty of fair representation is barred by a six-month statute of limita-

tions in which to file suit after a union informs the employee that it will no longer pursue his grievance and that Plaintiff's claims against the individual Defendants are barred by federal labor law which precludes individual liability of union officers, agents and/or members for action taken on behalf of the union or in the course of union duties.

Plaintiff alleges in his Complaint that "[o]n September 20, 1991 plaintiff was informed by Mr. Paul Davis that the grievance has been denied and will consider case closed." Complaint at ¶ 16. This suit was filed on July 20, 1993. Plaintiff filed a substantially identical Complaint herein on March 10, 1992 but voluntarily dismissed it on January 20, 1993. *See Williams v. U.S. Postal Service, et al.,* Case No. CIV–92–477.

■ Claims for breach of the duty of fair representation brought against a union such as NALC herein are governed by the 6–month statute of limitations found in Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). A cause of action for breach of the duty of fair representation accrues when the employee knows or should know, in the exercise of reasonable diligence, that the union has abandoned the employee's grievance. *Lucas v. Mountain States Telephone & Telegraph,* 909 F.2d 419 (10th Cir.1990). When an employee is informed by the union that it has closed his grievance and that no further action will be taken by the union, that employee's cause of action for breach of the duty of fair representation accrues because at the time the employee received such information, the employee either had actual knowledge or, through the exercise of reasonable diligence, should have known, that the union had abandoned his claim. *Id.* at 420 & 422.

■ Based on the foregoing, Plaintiff's Complaint filed herein on July 20, 1993 shows on its face that Plaintiff's claim for breach of the duty of fair representation accrued on September 20, 1991 and is barred by the applicable 6–month statute of limitations, 29 U.S.C. § 160(b), unless the statute of limitations was tolled by and during the pendency of Plaintiff's prior suit, as Plaintiff

asserts, through application of Oklahoma's saving statute, Okla.Stat. tit. 12, § 100 (1981). In considering whether Oklahoma's saving statute applies to claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., the Tenth Circuit said: "When Congress has provided a federal statute of limitations for a federal claim, however, state tolling and saving provisions are not applicable." *Brown v. Hartshorne Public School District No. 1,* 926 F.2d 959, 961 (10th Cir.1991) (citations omitted). In so stating, the Tenth Circuit cited, *inter alia, Davis v. Smith's Transfer, Inc.,* 841 F.2d 139, 140 (6th Cir.1988) (*per curiam* ), a case directly on point. This Court agrees with the reasoning therein that the same federal policies which led the United States Supreme Court to borrow the federal limitations period contained in § 10(b) of the National Labor Relations Act for suits by an employee against his employer and union for breach of a collective bargaining agreement and for breach of the duty of fair representation, thus achieving uniformity, *see DelCostello, supra,* preclude application of a state saving statute to a hybrid § 301 action. *Davis v. Smith's Transfer, Inc.,* 841 F.2d at 140. Accordingly, Plaintiff's claim against Defendant NALC for breach of the latter's duty of fair representation was not tolled during the pendency of Plaintiff's prior action which he dismissed and is not saved by application of Oklahoma's saving statute, *see id.,* and is barred by the applicable statute of limitations.

■ As to Plaintiff's claims against Defendants Davis and Purdy, the Court agrees with Defendants that the actions which Plaintiff, in his allegations, attribute to those Defendants constitute actions taken within the course of their duties as union officers and employees and that said Defendants are immune from personal liability for such actions. *See Complete Auto Transit, Inc. v. Reis,* 451 U.S. 401, 101 S.Ct. 1836, 68 L.Ed.2d 248 (1981); *Atkinson v. Sinclair Refining Co.,* 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962); *Boroweic v. Local No. 1570,* 889 F.2d 23, 28 n. 3 (1st Cir.1989); *Evangelista v. Inlandboatmen's Union of Pacific,* 777 F.2d 1390, 1400 (9th Cir.1985); *Peterson v. Kenne-*

*dy,* 771 F.2d 1244, 1256 (9th Cir.1985), *cert. denied,* 475 U.S. 1122, 106 S.Ct. 1642, 90 L.Ed.2d 187 (1986). Plaintiff's claims against the individual union officials herein, Defendants Davis and Purdy, whether based upon federal or state law, are barred. *See Montplaisir v. Leighton,* 875 F.2d 1, 4 (1st Cir. 1989) (state law claims as well as federal law claims against individuals acting as union representatives within the ambit of the collective bargaining process are precluded by federal labor law).

The motion of Defendants National Association of Letter Carriers Union, Paul C. Davis and Barry Purdy to dismiss Plaintiff's Complaint is GRANTED.

It Is So Ordered.