James L. BECK, Plaintiff–Appellant,

v.

CATERPILLAR INC. and United Automobile, Aerospace and Agricultural Implement Workers of America, Defendants–Appellees.

No. 94–2571.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 4, 1995.

Decided March 14, 1995.

Burt L. Dancey (argued), Elliff, Keyser, Oberle & Davies, Pekin, IL, for plaintiff-appellant.

Michael A. Warner (argued), James Osick, Seyfarth, Shaw, Fairweather & Geraldson, and Michael B. Erp (argued), Stanley Eisenstein, and Harold A. Katz, Katz, Friedman, Schur & Eagle, Chicago, IL, for defendants-appellees.

Before POSNER, Chief Judge, CUDAHY, Circuit Judge, and GRANT, District Judge.*

GRANT, District Judge.

Plaintiff James Beck, a UAW member and former employee of Caterpillar, Inc., was "separated" from his employment with Caterpillar in April 1989.[1] When Caterpillar denied his grievance and the UAW refused to proceed to arbitration, Mr. Beck filed a hybrid suit under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, contending that Caterpillar violated the collective bargaining agreement when it terminated his employment, and that the Union breached its duty of fair representation. Mr. Beck subsequently stipulated to a voluntary dismissal of his complaint without prejudice pursuant to Fed.R.Civ.P. 41(a). A year later, and more than four and a half years after his separation from employment, Mr. Beck refiled his complaint in a federal district court in Illinois. Caterpillar and the UAW moved for summary judgment on the ground that Mr. Beck's complaint was barred by the applicable six-month statute of limitations, 29 U.S.C. § 160(b). The district court granted the defendants' motions, *Beck v. Caterpillar, Inc.,* 855 F.Supp. 260 (C.D.Ill.1994), and this appeal followed. For the following reasons, the judgment is AFFIRMED.

## I. DISCUSSION

While Mr. Beck concedes the existence of a federal statute of limitations governing hybrid Section 301 lawsuits, see 29 U.S.C. § 160(b); *DelCostello v. Int'l Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *Pantoja v. Holland Motor Express, Inc.,* 965 F.2d 323, 326 (7th Cir.1992); *Martin v. Youngstown Sheet & Tube Co.,* 911 F.2d 1239, 1246 (7th Cir.1990), he contends that Congress "left a gap" in § 160(b) when it failed to address what effect if any a voluntary dismissal would have upon the limitations period. Mr. Beck asks us to fill that gap by borrowing the tolling provi-

sions of the Illinois Savings Statute, 735 ILCS 5/13–217, which provides:

§ 13–217. Reversal or dismissal. In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, *if ... the action is voluntarily dismissed by the plaintiff ... or the action is dismissed by a United States District Court for lack of jurisdiction, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff ... may commence a new action within one year* or within the remaining period of limitation, whichever is greater, *after such judgment is reversed or entered against the plaintiff ...*

(Emphasis added).

██ As Mr. Beck correctly notes, the federal courts have expressed a general willingness to borrow states' tolling and savings provisions in the past, but only when the federal cause of action asserted is governed by a *state* statute of limitations, *i.e.,* in civil rights actions brought under 42 U.S.C. §§ 1981–1988. See *Hardin v. Straub,* 490 U.S. 536, 539, 109 S.Ct. 1998, 2000, 104 L.Ed.2d 582 (1989); *Wilson v. Garcia,* 471 U.S. 261, 269 and n. 17, 105 S.Ct. 1938, 1943 and n. 17, 85 L.Ed.2d 254 (1985); *Board of Regents of the Univ. of the State of New York v. Tomanio,* 446 U.S. 478, 484, 100 S.Ct. 1790, 1795, 64 L.Ed.2d 440 (1980); *Mares v. Busby,* 34 F.3d 533, 536 (7th Cir.1994); *Brown v. Hartshorne Public School Dist. No. 1,* 926 F.2d 959, 962 (10th Cir.1991); *Garrison v. Int'l Paper Co.,* 714 F.2d 757, 759 n. 2 (8th Cir.1983); *Ill v. Roland,* 812 F.Supp. 855, 859–60 (N.D.Ill.1993); *Kness v. Grimm,* 761 F.Supp. 513, 519 (N.D.Ill.1990); *Flores v. City of Chicago,* 682 F.Supp. 950, 952 (N.D.Ill.1988). When the timeliness of a federal cause of action is measured by a state statute of limitations, it only makes sense to apply the state's tolling and savings provisions, for they are interrelated. *Wilson,* 471 U.S. at 269 and n. 17, 105 S.Ct. at 1943 and n.

---

* The Honorable Robert A. Grant of the United States District Court for the Northern District of Indiana is sitting by designation.

1. While on a leave of absence from Caterpillar, Mr. Beck apparently engaged in other employ-

ment without acquiring Caterpillar's prior consent. Beck's employment with Caterpillar was terminated as a result, although the record indicates that Beck voluntarily quit.

17; *Tomanio,* 446 U.S. at 484, 100 S.Ct. at 1795; *Brown,* 926 F.2d at 962; *Whittle v. Wiseman,* 683 F.2d 1128, 1129 (8th Cir.1982). The same cannot be said when the federal claim in question is governed by a *federal* statute of limitations, as it is in the present case.

■■■■■ The law is clear. Where, as here, the plaintiff voluntarily dismisses a lawsuit which was brought in federal court, asserts a purely federal claim, and is subject to a federal statute of limitations, state savings statutes do not apply. See *Holmberg v. Armbrecht,* 327 U.S. 392, 395, 66 S.Ct. 582, 584, 90 L.Ed. 743 (1946) ("If Congress explicitly puts a limit upon the time for enforcing a right which it created, there is an end of the matter."); *Victor Foods, Inc. v. Crossroads Economic Development of St. Charles County, Inc.,* 977 F.2d 1224, 1227 (8th Cir.1992) (state savings statute inapplicable in breach of contract/fraud action against Small Business Administration which is governed by federal statute of limitations); *Davis v. Smith's Transfer, Inc.,* 841 F.2d 139, 140 (6th Cir.1988) (state savings statute inapplicable in hybrid suit under § 301 of the Labor Management Relations Act); *Brown,* 926 F.2d at 961 (state tolling and savings provisions inapplicable in Title VII action which is governed by federal statute of limitations); *Garrison,* 714 F.2d at 759 (state savings clause inapplicable in Title VII case); *Gatlin v. Missouri Pacific R.R. Co.,* 631 F.2d 551, 554 (8th Cir.1980) (state savings clause inapplicable to action brought under federal Railway Labor Act); *Johnson v. Ry. Express Agency, Inc.,* 489 F.2d 525, 530 (6th Cir. 1973), *aff'd on other grounds,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *Williams v. U.S. Postal Service,* 834 F.Supp. 350, 351 (W.D.Okl.1993), *aff'd,* 35 F.3d 575 (10th Cir.1994) (state savings statute inapplicable to hybrid § 301 action). The reason is simple:

> Application of [a state savings statute] would tilt the balance struck between the national interests in stable bargaining rela-

tionships and finality of private settlements and likewise detract from the uniformity achieved by consistently applying the six-month time period contained in § 10(b) of the National Labor Relations Act.

*Davis,* 841 F.2d at 140 (citing *DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 171, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983)). See also *Williams,* 834 F.Supp. at 351. We thus conclude, as did the court in *Davis* and *Williams,* that the plaintiff's claim under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, was not tolled by application of the state's savings statute.

■■■■■ Mr. Beck's claim accrued at the latest on April 3, 1992, when the Union notified him that his appeal had been denied, and that it would take no further action on his behalf.[2] *Pantoja,* 965 F.2d at 328. Pursuant to 29 U.S.C. § 160(b), he had six months from that date to file suit under Section 301. While his first lawsuit was filed within the limitations period, that suit was voluntarily dismissed pursuant to Fed.R.Civ.P. 41(a), and is treated as if it had never been filed. *Brown,* 926 F.2d at 961; *Robinson v. Willow Glen Academy,* 895 F.2d 1168, 1169 (7th Cir.1990); *Garrison,* 714 F.2d at 759 n. 2; *Gatlin,* 631 F.2d at 554. The statute of limitations accordingly continued to run during the pendency of that case. *Davis,* 841 F.2d at 140 (filing of a lawsuit which was voluntarily dismissed under Fed.R.Civ.P. 41(a) does not toll the continuous running of the applicable six-month statute of limitations); *Adams v. Lever Bros. Co.,* 874 F.2d 393 (7th Cir.1989) (voluntary dismissal under Rule 41(a) does not toll the running of the federal statute of limitations). Mr. Beck's second lawsuit was filed more than four and a half years after his separation from employment and almost two years after he was notified that the Union would take no further action on his behalf. His complaint is therefore barred by the applicable six-month stat-

---

**2.** "[A] Section 301/fair representation claim usually 'accrues from the time a final decision on a plaintiff's grievance has been made or from the time a plaintiff discovers, or in the exercise of reasonable diligence should have discovered, that no further action would be taken on his grievance.'" *Martin,* 911 F.2d at 1246 (quoting *Richards v. Local 134, Int'l Bhd. of Elec. Workers,* 790 F.2d 633, 636 (7th Cir.1986)).

ute of limitations provided under 29 U.S.C. § 160(b).

## II. CONCLUSION

The judgment of the district court is accordingly

AFFIRMED.