**Ronald RUSH, Plaintiff–Appellant,**

v.

**William LOCK, et al., Defendants–Appellees.**

No. 01–1181.

United States Court of Appeals, Seventh Circuit.

Argued Aug. 8, 2001.

Decided Sept. 18, 2001.

Before RIPPLE, MANION, and
ILANA DIAMOND ROVNER, Circuit
Judges.

## ORDER

Ronald Rush filed suit pursuant to the Federal Tort Claims Act against the Department of Health and Human Services and four HHS employees alleging that his employment was wrongfully terminated. The district court granted the defendants' motion to dismiss, reasoning that Rush failed to file suit within the applicable statute of limitations. Rush appeals, principally arguing that his action was commenced within the statute of limitations by virtue of the Illinois "saving statute," 735 ILCS 5/13–217. We affirm.

Rush alleges in his complaint that sometime prior to January 8, 1993, defendants William Lock and Gary Klos, fellow HHS employees, conducted an investigation concerning unspecified improprieties alleged against Rush. Accepting the complaint as true, Lock and Klos coerced Rush into participating in the investigation and denied him the right to have an attorney present during questioning. They also failed to interview the individual whose complaint led to their investigation, but nonetheless reported the results of their investigation to defendant Diane Gertz, another HHS employee. Gertz in turn suggested that Rush be fired. Defendant Richard Falat, a district manager at HHS, adopted Gertz's recommendation, and Rush was discharged effective January 8, 1993. Rush grieved his dismissal, and on February 10, 1994, an arbitrator ordered that Rush be reinstated if he met certain conditions. Rush allegedly met those conditions, but the defendants refused to reinstate him in a timely manner (it is not clear from the record whether he was ever reinstated).

Rush filed suit on December 30, 1999. The defendants moved to dismiss the complaint, arguing that: 1) Rush failed to effect proper service because he did not serve the complaint on the United States Attorney's office; 2) Rush failed to file suit within the statute of limitations because he did not first present his claim in writing to HHS within two years after it accrued as required by 28 U.S.C. § 2401(b); and 3) the defendants were not proper parties to a suit under the Federal Tort Claims Act, which can be brought only against the United States. Rush responded to the motion, raising only cryptic arguments unsupported by either law or facts. On October 20, 2000, the district court granted

the defendants' motion to dismiss on statute of limitations grounds without reaching the remaining arguments. The court entered judgment in favor of the defendants on October 23, 2000.

On November 1, Rush filed a Motion to Amend Finding, arguing that his complaint had been timely filed. In his motion Rush stated that he originally had filed his FTCA suit on May 15, 1997, and that it had been dismissed for want of prosecution on December 30, 1998. Rush argued that he had one year from that date to refile his case (although he cited no basis for that assertion). He alleges he met that time limit by filing on December 30, 1999. The district court treated this motion as one to alter or amend judgment pursuant to Fed. R.Civ.P. 59(e) and denied it on January 5, 2000, concluding that Rush could and should have raised the argument in his opposition to the defendants' motion to dismiss. Rush timely appealed.

■ Rush argues that the district court erred in dismissing his FTCA complaint on statute of limitations grounds because the Illinois saving statute rendered it timely. We review the district court's dismissal of a complaint *de novo*, accepting as true all well-pleaded allegations. *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 896 (7th Cir.2001). Preliminarily, we note that nothing in the record reflects that Rush filed an administrative claim with HHS before commencing this FTCA action. Filing an administrative claim is a jurisdictional prerequisite to filing a FTCA suit. *See* 28 U.S.C. § 2401(b); *Goodhand v. United States*, 40 F.3d 209, 214 (7th Cir.1994). At oral argument, however, Rush's counsel represented without contradiction that an administrative claim had been filed in November, 1994, but was omitted from the record. We accept counsel's representation and assume that an administrative claim was in fact filed.

■ Rush's argument that the Illinois saving statute rendered this suit timely is frivolous. When a plaintiff brings a claim in federal court that is subject to a federal, rather than a state, statute of limitations, a state saving statute does not apply. *Beck v. Caterpillar, Inc.*, 50 F.3d 405, 407 (7th Cir.1995); *Benge v. United States*, 17 F.3d 1286, 1288 (10th Cir.1994); *see also Holmberg v. Armbrecht*, 327 U.S. 392, 395, 66 S.Ct. 582, 90 L.Ed. 743 (1946) (congressional statutes of limitations are definitive). Federal law, not state law, governs the statute of limitations for the FTCA, *Goodhand* 40 F.3d at 213; 28 U.S.C. § 2401(b), and the Illinois saving statute is not applicable here. While Rush attempts to make policy arguments supporting his view that the saving statute should apply not withstanding clear precedent, those are arguments that Congress, not the judiciary, must address.

■ Even if the Illinois saving statute did apply in this case, Rush's complaint was still not timely filed. Rush originally filed a FTCA complaint against the defendants on May 15, 1997, that was dismissed for want of prosecution on December 30, 1998. He filed the present action on December 30, 1999, allegedly within the time provided by the Illinois saving statute, which states in relevant part:

In the actions specified in Article XIII of [the Illinois Code of Civil Procedure] or any other act or contract where the time for commencing an action is limited, ... [if] the action is dismissed by a United States District Court for lack of jurisdiction, or ... for improper venue, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff ... may commence a new action within one year or within the remaining period

of limitation, whichever is greater ... [after such] action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue. No action which is ... dismissed for want of prosecution by the court may be filed where the time for commencing the action has expired.

735 ILCS 5/13–217. The plain language of the statute forecloses Rush's argument because actions dismissed for want of prosecution are not "saved" and must be refiled within the applicable statute of limitations. Rush did not timely refile his action. Pursuant to 28 U.S.C. § 2401(b), an FTCA claimant has six months after the denial of his administrative claim to file suit. Here, Rush filed a suit which lingered for over one and one-half years before being dismissed for want of prosecution The six-month limitation period of § 2401(b) began running when Rush's administrative claim was denied, not when his first action was dismissed. Although the record does not reflect when Rush received a denial of his administrative claim, receiving such a denial is also a jurisdictional prerequisite to filing a FTCA suit. *See Reynolds v. United States,* 748 F.2d 291, 292 (5th Cir.1984). We therefore assume that Rush received a denial of his administrative claim prior to filing his first FTCA suit in 1997. This action, filed two and one-half years after that original complaint, could therefore not possibly have been filed within the six-month statute of limitations. Accordingly, the district court correctly dismissed Rush's complaint.

Rush also argues that the district court erroneously denied his "Motion to Amend Finding" on the basis that it untimely raised a new saving statute argument. Since the savings statute argument fails on its merits, this argument is moot.

AFFIRMED.