**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1514**

NOBLE R. MANN,

                Plaintiff - Appellant,

     v.

STANDARD MOTOR PRODUCTS, INCORPORATED,

                Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (3:13-cv-00068-JRS)

Submitted:  July 1, 2013         Decided:  July 15, 2013

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Noble R. Mann, Appellant Pro Se.  Joseph Dale Wilson, III, KELLEY, DRYE & WARREN, LLP, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Noble R. Mann appeals the district court's order granting the Appellee's motion to dismiss his Title VII complaint under Fed. R. Civ. P. 12(b)(6).[*] This court reviews de novo a district court's grant of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 179-80 (4th Cir. 2009).

A claimant who fails to file a complaint within the ninety-day statutory time period mandated by Title VII generally forfeits his right to pursue his claims. See Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-51 (1984). The ninety-day period begins as of receipt of the right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e-5(f)(1) (2006). The ninety-day statute of limitations period for Title VII actions is not tolled because the initial action was dismissed without prejudice. See O'Donnell v. Vencor Inc., 466 F.3d 1104, 1111 (9th Cir. 2006); Price v. Digital Equip. Corp., 846 F.2d 1026, 1027 (5th Cir. 1988). When the plaintiff voluntarily dismisses a lawsuit governed by a federal statutory limitations period, the state savings statutes do not apply. Beck v. Caterpillar Inc., 50 F.3d 405, 407 (7th Cir.

---

[*] Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

1995);  Victor Foods, Inc. v. Crossroads Econ. Dev. of St. Charles Cnty., Inc., 977 F.2d 1224, 1227 (8th Cir. 1992) (state savings statute did not toll federal limitations period).

Mann's right-to-sue letter issued by the EEOC is dated July 16, 2010.  Mann's complaint was filed, the earliest, January 26, 2012, or clearly beyond the statutory ninety-day limit.  Because Virginia's savings statute under Va. Code Ann. § 8.01-229(E)(3) (2007) does not operate to toll a federal statutory limitations period, Mann's Title VII complaint was untimely.

Accordingly, we affirm the district court's order.  We deny Mann's motion to place the appeal in abeyance.  See 50 App. U.S.C.A. § 522(b)(2)(A), (B) (West Supp. 2013).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED