# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-1443
_____

Gayle Zimmerman

*Plaintiff - Appellant*

v.

Arkansas Department of Finance & Administration; Betty Judkins, In her
individual and official capacity

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff
_____

Submitted: December 20, 2018
Filed: December 27, 2018
[Unpublished]
_____

Before BENTON, SHEPHERD, and STRAS, Circuit Judges.
_____

PER CURIAM.

Former Arkansas Department of Finance and Administration employee Gayle Zimmerman appeals after the district court[1] dismissed her Title VII and 42 U.S.C. § 1981 employment discrimination and retaliation claims as time-barred, and declined to exercise supplemental jurisdiction over her state law claims.[2]  Upon de novo review, we conclude that Zimmerman's Title VII and section 1981 claims were properly dismissed.  See Humphrey v. Eureka Gardens Pub. Facility Bd., 891 F.3d 1079, 1081 (8th Cir. 2018) (standard of review).  First, we agree with the district court that Zimmerman's claims were untimely because she did not file her complaint in this action within 90 days after she received her right-to-sue letter, see Richter v. Advance Auto Parts, Inc., 686 F.3d 847, 851 (8th Cir. 2012) (in Title VII action, if agency dismisses charge and notifies complainant of right to sue, then complainant has 90 days to bring civil action in federal court), or within four years after her employment was terminated, see Jones v. R.R. Donnelley & Sons, Co., 541 U.S. 369, 371-75, 382-83 (2004) (discussing statutes of limitation applicable to § 1981 claims).  We further agree with the district court that the Arkansas savings statute did not apply to Zimmerman's federal claims.  See Beck v. Caterpillar, Inc., 50 F.3d 405, 406-07 (7th Cir. 1995) (when timeliness of purely federal claim filed in federal court is measured by federal statute of limitations, state savings statute does not apply).  In addition, we ascertain no basis for equitable tolling of the statutes of limitation.  See Garfield v. J.C. Nichols Real Estate, 57 F.3d 662, 665-66 (8th Cir. 1995) (voluntary dismissal without prejudice does not toll statute of limitations).  Finally, we conclude that the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Zimmerman's state law claims.  See 28 U.S.C. § 1367(c)(3) (district

---

[1]The Honorable James M. Moody Jr., United States District Judge for the Eastern District of Arkansas.

[2]Zimmerman also asserted claims under 42 U.S.C. § 1983 and the Age Discrimination in Employment Act, but she does not challenge the dismissal of those claims on appeal.  See Ahlberg v. Chrysler Corp., 481 F.3d 630, 638 (8th Cir. 2007) (points not meaningfully argued on appeal are waived).

court may decline to exercise supplemental jurisdiction over claim if court has dismissed all claims over which it has original jurisdiction); <u>Crest Constr. II, Inc. v. Doe</u>, 660 F.3d 346, 359 (8th Cir. 2011) (standard of review).  Accordingly, we affirm.

_____