589 F.2d 771
 100 L.R.R.M. (BNA) 2210, 85 Lab.Cas. P 10,988
 David L. HOWARD, Douglas R. Branch, Herbert W. Cumbea, Ulric
S. Sledd, Jr., Clarence W. Holmes, Tommie M. Lawrence, Jerry
Ancarrow, Douglas E. Crawley, Jerry Pleasants, Paul Tedder,
Nelson Cook, Louis Brown, Sr., Richard A. Cotman, Robert
Graves, Jr., Cora Lee Melton, Herbert A. Willis, Sr., Eugene
R. McCray, Edward S. Fleming, Elsie Shinault, Donald C.
Knight, George O. Burnett, Earl E. Graves, Helene M.
Chapman, Helene LeGrande, Mary E. Stanton, Sherwood A.
Harris, M. B. Burton, Marshall S. Caudle, Ruth Banks,
Raymond Robinson, Thomas Patterson, Kenneth Edmons, Theodore
James, Joseph Eddy, Jr., on their behalf and on behalf of
those similarly situated, Appellants,
v.
ALUMINUM WORKERS INTERNATIONAL UNION AND LOCAL 400, Appellees.
 No. 77-1046.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 3, 1978.
Decided Dec. 26, 1978.
 
 J. Thomas McGrath, Richmond, Va. (McGrath & Geary, Richmond, Va., on brief), for appellants.
 Thomas P. Powers, Washington, D. C. (Donald M. Murtha, Washington, D. C., on brief), for appellees.
 Before HAYNSWORTH, Chief Judge, and RUSSELL and WIDENER, Circuit Judges.
 HAYNSWORTH, Chief Judge:
 
 
 1
 Howard's complaint was dismissed as time-barred by the two-year statute of limitations governing personal injury suits contained in § 8-24 Virginia Code Ann. (1957 Repl.Vol.).[1] He appeals and we affirm.
 
 
 2
 On May 12, 1976, Howard and thirty-three of his co-workers filed suit against the Aluminum Workers union and its Richmond local alleging the unions had broken the duty of fair representation imposed upon them by the Labor Management Relations Act, 29 U.S.C. § 159, and had abridged their rights to free speech guaranteed by the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 411. The complaint alleged the unions had failed to adequately protect plaintiffs' rights during collective bargaining sessions and by acting arbitrarily, discriminatorily and in bad faith in dealing with the employer, Reynolds Metals Company. The complaint further alleged the unions had arbitrarily and in bad faith refused to process employee grievances arising under the collective bargaining agreement. These acts and omissions allegedly constituted breaches of the duty of fair representation and entitled the employees to declaratory, injunctive and monetary relief. Three of the plaintiffs claimed their free speech rights were denied by union officials in violation of the LMRDA when they were prevented from speaking at union meetings.
 
 
 3
 The unions moved for summary judgment, claiming Virginia's two-year statute of limitations, applicable to personal injury suits, barred the claims. The district court, discerning no precedent in the Supreme Court or this court, agreed and held the claims untimely. The court found a breach of the duty of fair representation constituted a personal injury and that § 8-24 applied to bar the claims in the first count. Adopting the same reasoning for the free speech claims, the court found the second count untimely. 418 F.Supp. 1058 (E.D.Va.1976).
 
 I.
 
 4
 Since there is no federal statute of limitations governing fair representation suits, federal courts must look to the most appropriate state statute of limitations for the imposition of a time bar. Whether such action sounded in contract or in tort with a consequent difference in the length of the applicable period has occasioned considerable disagreement among courts and commentators. See, e. g., Kennedy v. Wheeling-Pittsburgh Steel Corp., 81 L.R.R.M. 2349, 69 CCH Labor Cases P 12,980 (4th Cir. 1972); Butler v. Teamsters Local 823, 514 F.2d 442 (8th Cir. 1975); Sanderson v. Ford Motor Co., 483 F.2d 102 (5th Cir. 1973); Abrams v. Carrier Corp., 434 F.2d 1234 (2d Cir. 1970); de Arroyo v. Sindicato de Trabajadores Packinghouse, 425 F.2d 281 (1st Cir. 1970); Canada v. United Parcel Service, Inc., 446 F.Supp. 1048 (N.D.Ill.1978); Buchholtz v. Swift & Co., 62 F.R.D. 581 (D.Minn.1973); Note, Statutes of Limitations Governing Fair Representation Action Against Union When Brought with Section 301 Action Against Employer, 44 Geo.Wash.L.Rev. 418 (1976); R. Gorman, Basic Text on Labor Law at 724-25 (1976).
 
 
 5
 In Kennedy v. Wheeling-Pittsburgh Steel Corp., we held West Virginia's oral contract statute of limitations applied to bar a fair representation action against a union in a complaint in which there was joined a § 301 contract claim against the employer under 29 U.S.C. § 185. In Kennedy we said:
 
 
 6
 With respect to actions by employees against their employers under § 301, the Supreme Court has held that the limitations period is to be determined by reference to the state's statute applying to actions on oral contracts. United Auto Workers v. Hoosier Cardinal Corp., 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192. This is so though the controversy involves rights stemming from a written bargaining contract, for usually it will also involve oral individual employment contracts and matters of proof comparable to claims on oral contracts. Surely the claim against the union under its implied duty of fair representation can have no longer survival than the right of action against the employer under the written-oral agreements.
 
 
 7
 81 L.R.R.M. at 2349-50, 69 CCH Labor Cases P 12,980 at 25,135.
 
 
 8
 The Second and Eighth Circuits share the view we expressed in Kennedy.[2] When a fair representation claim is joined with a contract claim against the employer, there are substantial reasons for concluding that the same limitations period should apply since the claims may be closely entwined. Even when the claim is combined with a contract claim against the employer, however, other courts have held that the period of limitations governing the assertion of tort claims is applicable to the claim against the union.[3] When the only asserted claim is the fair representation claim against the union, the torts limitations period has been held applicable. See Read v. Local Lodge 1284, 528 F.2d 823 (3d Cir. 1975).
 
 
 9
 Analysis seems to support the view that when the claim against the union is not entangled with a contract claim against the employer, the action sounds more in tort than in contract. The union owes a duty of fair representation to the employee, but that duty cannot be said to rest primarily, or even at all, upon contracts between the union and its members. It may be in the nature of a fiduciary duty, but it is implied out of the statutory grant of exclusive bargaining authority when the union is recognized by the employer or certified by the Labor Board. The duty runs not to members of the union alone, but to all non-members included within the bargaining unit. The principal claim asserted here is that the union representatives had arbitrarily disadvantaged employees in negotiations conducted by the union with the employer. The union representatives are charged with bad faith as well as arbitrariness, and those charges are consistent with a classification of other claims as torts. No where is it suggested that the union combined with the employer to deprive these plaintiffs of any contractual right.
 
 
 10
 Under somewhat analogous actions brought under 42 U.S.C. § 1983 we have held Virginia's limitation of tort actions to be applicable.[4] Consistently, we conclude that neither Virginia's three-year statute applicable to oral contracts under § 8-13 nor the five-year statute applicable to written contracts applies. The appropriate limitations period is taken from Virginia's limitations applicable to tort actions, and the district judge properly held the fair representation claims foreclosed.
 
 II.
 
 11
 The district court held the free speech claims asserted under the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 411, were barred by § 8-24 Va.Code Ann. (1957 Repl.Vol.). The court found the denial of free speech guaranteed under the LMRDA constituted the breach of a statutory duty which resulted in personal injury, and therefore § 8-24 provided the most appropriate limitations period.
 
 
 12
 Because the LMRDA does not contain a statute of limitations, federal courts considering suits brought under the Act must apply the most analogous state limitations period. Courts have found that denial of free speech is similar to a personal injury under state law and have applied tort limitations statutes to such claims. Sewell v. Grand Lodge of International Association of Machinists and Aerospace Workers, 445 F.2d 545, 548-50 (5th Cir. 1971); cert. denied, 404 U.S. 1024, 92 S.Ct. 674, 30 L.Ed.2d 674 (1972); Woods v. Local Union No. 613 of I. B. E. W., 404 F.Supp. 110, 115-16 (N.D.Ga.1975); cf. Dantagnan v. I. L. A. Local 1418, 496 F.2d 400, 401-03 (5th Cir. 1974) (distinguishing Sewell in LMRDA suit concerning wages and applying contract limitations period). We agree with the district court that the LMRDA speech claims here are closely akin to personal injury claims under Virginia law, and that § 8-24 was properly applied to bar the claims.
 
 
 13
 AFFIRMED.
 
 WIDENER, Circuit Judge, concurring:
 
 14
 I concur in the result but not in the reasoning of the opinion.
 
 
 15
 I think the panel opinion makes the mistake of categorizing the first sentence of former § 8-24 of the Virginia Code as a "tort" statute of limitations. Slip opinion p. 774. I do not think this is correct because the first sentence of § 8-24, the provision applied here, concerns itself in terms with actions "for personal injuries." Immediately following in the same section of the Code are limitations for "personal action(s) for which no limitation is otherwise prescribed," which are five years for a right of action which survives and one year for a right of action which does not survive.[1]
 
 
 16
 If there was a general "tort" limitation under Virginia law, it was the one-year limitation in § 8-24 for rights of action which do not survive and five years for rights of action which do survive, not the two-year limitation for "personal injuries" which the Virginia court has never held to apply other than injuries to the person, meaning to the body.
 
 
 17
 Because I agree with the panel that the characterization of the cause of action here is not contract, I think the one-year statute would apply because I do not believe the cause of action should survive.
 
 
 18
 I think the panel opinion here makes essentially the same error commenced in Almond v. Kent, 459 F.2d 200 (4th Cir. 1972), and continued in Johnson v. Davis, 582 F.2d 1316 (4th Cir. 1978).
 
 
 19
 The Virginia Code, with respect to limitations of action, was revised in 1977, and I note that the revisers of the Code agree with me that the one-year limitation for "personal actions" is the "catch-all provision." See Reviser's Note to § 8.01-248 (1977) of the Virginia Code. The two-year limitation for "personal injuries" of § 8-24 is repeated in the 1977 revision as § 8.01-243. But § 8.02-244 of the 1977 revision then refers to a person "entitled to bring an action for personal injury" dying "as result of such injury." I find it difficult to perceive that the "personal injury" referred to in the Code is anything other than injury to the body, else the Code would not refer to a person dying from it.
 
 
 20
 The reasons for my separate views have been set out in somewhat more detail in my dissent to denial of rehearing in Johnson v. Davis, supra.
 
 
 
 [1]
 Section 8-24 reads:
 "Of actions not before specified. Every action for personal injuries shall be brought within two years next after the right to bring the same shall have accrued. Every personal action, for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued, if it be for a matter of such nature that in case a party die it can be brought by or against his representative; and, if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued. The amendment extending the period within which an action for personal injuries may be brought under this section to two years shall not apply to any cause of action arising prior to July one, nineteen hundred fifty-four."
 The statute was recodified in 1977 and now appears as § 8.01-243(A) Va.Code Ann. (1977 Repl.Vol.).
 
 
 [2]
 Abrams v. Carrier Corp., 434 F.2d 1234 (2d Cir. 1970); Butler v. Teamsters Local 823, 514 F.2d 442 (8th Cir. 1975)
 
 
 [3]
 Sanderson v. Ford Motor Co., 483 F.2d 102 (5th Cir. 1973); de Arroyo v. Sindicato de Trabajadores Packinghouse, 425 F.2d 281 (1st Cir. 1970)
 
 
 [4]
 Johnson v. Davis, 582 F.2d 1316 (4th Cir. 1978); Almond v. Kent, 459 F.2d 200 (4th Cir. 1972)
 
 
 [1]
 § 8-24 refers to the Virginia Code prior to the 1977 revision