D. M. GATLIN and T. L. DuPriest, Appellants,

v.

MISSOURI PACIFIC RAILROAD COMPANY and United Transportation Union, Appellees.

No. 79–1832.

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 1980.

Decided Aug. 14, 1980.

552

Steve Festinger, Howell & Price, Little Rock, Ark., for appellants.

Liza S. Hirsch, Youngdahl, Larrison & Agee, Little Rock, Ark., argued, for appellee Union; James E. Youngdahl, Little Rock, Ark., on brief.

David Orsini, Friday, Eldredge & Clark, Little Rock, Ark. (argued), and Bill S. Clark, Little Rock, Ark., on brief, for appellee MOPAC.

Before STEPHENSON, Circuit Judge, KUNZIG,* Judge, and McMILLIAN, Circuit Judge.

KUNZIG, Judge.

Appellants were discharged from employment by appellee Missouri Pacific Railroad (Missouri Pacific). Their discharges were upheld by a decision of Public Law Board 596 (Board) established under the Railway Labor Act, 45 U.S.C. § 151 et seq. (1976). Appellants then sought review of the Board's decision in district court, also alleg-

---

* The Honorable Robert L. Kunzig, Judge, United States Court of Claims, sitting by designation.

ing their union had failed to represent them adequately before the Board. The district court[1] determined appellants' claims, both against their employer, Missouri Pacific and against the United Transportation Union, were barred by a two-year statute of limitations. On appeal we affirm this decision.

The acts originally giving rise to this suit occurred more than ten years ago, December 28, 1969, when appellants (and two other employees who were later reinstated) were suspended from service by Missouri Pacific for leaving their jobs without permission. Appellee United Transportation Union filed grievances on behalf of appellants and represented them before Public Law Board 596, convened pursuant to the Railway Labor Act, 45 U.S.C. § 153 (Second) (1976). By decision of October 6, 1971, the Board upheld appellants' terminations.

Appellants filed their first complaint in district court against the union and the railroad on October 9, 1973. This case, however, was dismissed on August 25, 1975, without prejudice, on appellants' motion pursuant to Fed.R.Civ.P. 41(b). The instant case, seeking the same relief as the complaint in the previously dismissed suit, was filed in district court on January 19, 1976. While this complaint names the union as a party defendant and alleges wrongful acts by the union, no specific relief against the union is requested. The January 19, 1976, complaint asks simply that the decision of Public Law Board 596 be set aside and that appellants be reinstated with back pay.

The district court dismissed appellants' suit on motions for summary judgment by the union and the railroad. *Gatlin v. Missouri Pacific R. R. Co.*, 475 F.Supp. 1083 (E.D.Ark.1979) (hereinafter, *Gatlin*). As to the claim against appellee Missouri Pacific, seeking review of the Board decision of October 6, 1971, the district court ruled it was plainly barred by the two-year statute of limitations of 45 U.S.C. § 153 (First) (r).

Appellants' case, the district court found, was not filed until January 19, 1976, clearly beyond the two-year period which began with the Board's decision on October 6, 1971.

As to defendant United Transportation Union, the district court first found that appellants' complaint, liberally construed, stated an unfair representation claim against the union.[2] It was therefore necessary to select an appropriate statute of limitations, none having been provided by Congress for this type of action. The district court recognized that generally an appropriate *state* statute of limitations is selected to govern unfair representation claims. Nevertheless, the district court reasoned that considerations of federal labor law policy expressed in the Railway Labor Act required that, in this particular case, the same statute of limitations applicable against Missouri Pacific as employer, [two years pursuant to 45 U.S.C. § 153 (First) (r)], must also be applied to appellants' claims of unfair representation against the United Transportation Union. Hence, appellants' claims against the union were also found to be time barred.

Appellants first urge reversal of the district court's conclusion that their claim requesting review of the Board decision was not filed within the two-year limitations period because the period did not begin to run until November 6, 1971, when the decision became effective, rather than when it was issued thirty days earlier on October 6, 1971. Appellants next argue an Arkansas statute, Ark.Stat.Ann. § 37–222, operates to toll the limitations period as of the date their first complaint was filed, (October 9, 1973) if their second action was filed within one year after the first suit was voluntarily dismissed. Thus, since their first suit was voluntarily dismissed August 25, 1975, and their second action was filed January 19, 1976, appellants argue, in effect, the date they should be deemed to have filed the

---

1. The Honorable Garnett Thomas Eisele, Chief Judge, United States District Court, Eastern District of Arkansas.

2. Appellees challenge this conclusion on appeal. We believe the district court was correct in its ruling, however, and discuss the point no further.

instant case is October 9, 1973, the date the first action was filed.

With respect to the unfair representation claim against the union, appellants contend the district court erred in adopting a two-year statute of limitation. Instead, appellants urge adoption of a statute of limitations under Arkansas law, either the five-year statute applicable to written contracts, the three-year statute for contracts not in writing, or a "miscellaneous" five-year statute.

Appellees challenge all of appellants' assertions and contend the district court decision was correct and should be affirmed.

This case may be analyzed as presenting three issues relating to statutes of limitations and labor law policy. First, does the Arkansas savings statute apply to this case to toll the statute of limitations giving appellants, in effect, a filing date of October 9, 1973, when the original (but dismissed) action was filed, instead of January 19, 1976? Related to this is the question of when appellants' claims accrued. Second, what limitations period applies to appellants' claim for review of the Board's decision and against Missouri Pacific? Finally, what is the appropriate limitation period to apply to appellants' unfair representation claim against the United Transportation Union in the context of the Railway Labor Act? As did the district court, we conclude a two-year limitations period applies to both the claim for review of the Board decision and the fair representation claim against the union. Appellants' claims accrued as of the date of the Board's decision, October 6, 1971, but their complaint was not filed until January 19, 1976. Nothing operated to toll the limitations period, consequently appellants' claims were properly dismissed.

■ *Whether the limitations period was tolled; accrual date of appellants' actions.* Before addressing the specific questions of what limitations periods apply to appellants' claims, it is best to establish the effective date appellants' suit was filed. As earlier stated, appellants contend an Arkansas statute operates to toll whatever limitations period may apply as of the date their

first suit (later dismissed) was filed, October 9, 1973. Reference to state procedural law is inappropriate, however, when, as here, a federal question is concerned. Whether appellants' present their claim either as one for review of the Board's decision, or as an unfair representation claim, it is indubitable they are asserting rights governed by federal law, presenting a federal question, *Steele v. Louisville & Nashville R. R. Co.*, 323 U.S. 192, 203–05, 65 S.Ct. 226, 232–233, 89 L.Ed. 173 (1944); *Vaca v. Sipes*, 386 U.S. 171, 177, 87 S.Ct. 903, 909, 17 L.Ed.2d 842 (1967). This Court stated in *Butler v. Local 823, International Brotherhood of Teamsters*, 514 F.2d 442, 448–49 (1975), (hereinafter, *Butler*) "The question of when a federal cause of action 'accrues' and the related question of whether it is 'tolled' by subsequent events, are federal questions." (citations omitted). As the district court correctly observed, applying federal law, a dismissal without prejudice leaves the situation so far as procedures therein are concerned the same as though the suit had never been brought and a party cannot deduct from the limitations period the time during which the action so dismissed was pending. *Moore v. St. Louis Music Supply Co.*, 539 F.2d 1191, 1194 (8th Cir. 1976); *See 5 Moore*, Federal Practice ¶ 41.05[2] at 41–76–77. The Arkansas statute simply does not pertain to this federal action. In light of this analysis, we conclude appellants' complaint was filed January 19, 1976, and nothing occurring prior to that date operated to toll the limitations period.

Closely associated with the question of whether the limitations period was tolled is the question of when appellants' action accrued. *Butler, supra* 514 F.2d at 448. Appellants' action for review of the Board decision, issued October 6, 1971, arose under 45 U.S.C. § 153 (First) (q). As such the action accrued the date the decision was issued. Unlike *Joint Council Dining Car Employees Local 370 v. Delaware, L. & W. R. Co.*, 157 F.2d 417 (2d Cir. 1946), appellants herein were grieved by the Board's decision itself, not by the failure of their

employer to take action ordered by the Board. As the district court stated, "The decision of the Board was binding and enforceable the very day issued, for it affirmed the status quo, and no period for adherence was necessary. Nothing was left for anyone to do on October 6, 1971; the award was final." *Gatlin, supra,* 475 F.Supp. at 1085. Similarly, we conclude appellants' action against the union for unfair representation accrued on the date of the adverse Board decision. The gravamen of appellants' complaint is that the union failed to represent them adequately at the Board proceeding. Assuming there was such a failure, it was made manifest the day the Board's adverse decision was issued. The situation is analogous to our holding in *Butler* that an action for unfair representation accrued against a union the date the employee's grievance was rejected by the union. *Butler, supra* 514 F.2d at 449. We also adhere to our reasoning in *Butler* that providing for the same time of accrual for claims by employees against unions and against employers "preserves the symmetry necessary to the furtherance of federal labor policy" by subjecting employers and unions to the same period of vulnerability to suit. *Butler, supra,* 514 F.2d at 450.

■ By way of brief summary then, appellants' cause of action accrued October 6, 1971, the date Public Law Board 596 issued its decision adverse to appellants. Appellants' complaint was not filed until January 19, 1976, over four years later. No statute of Arkansas governs to toll the limitations period. To determine whether appellants' suit is time barred, the appropriate limitations period must now be selected.

*Limitations period for review against Missouri Pacific.* The limitations period for review in district court of the Public Law Board's decision favorable to appellee Missouri Pacific is plainly set forth in 45 U.S.C. § 153 (First) (r) (1976) which provides:

All actions at law based upon the provisions of this section shall be begun within two years from the time the cause of action accrues under the award of the division of the Adjustment Board, and not after.

■ The strict finality of Railway Labor Act Board decisions and the narrow scope of review given district courts in such cases was recently emphasized by the Supreme Court in *Union Pacific R. R. Co. v. Sheehan,* 439 U.S. 89, 94, 99 S.Ct. 399, 402, 58 L.Ed.2d 354 (1978). *See Andrews v. Louisville & Nashville R. R.,* 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972). No circumstances whatsoever exist for extension of the limitations period and the decision of Public Law Board 596 must be deemed final. Appellants' action for review of that decision as against Missouri Pacific is time barred.

*Limitations period against the United Transportation Union.* A brief background discussion of limitations periods applicable to actions under federal labor law is desirable before focussing on the limitations period applicable to appellants' unfair representation claim under the Railway Labor Act. By enacting the Labor Management Relations Act of 1947 Congress sought, among other things, to specify the contract rights of employees vis-a-vis their employers. Congress did not, however, enact a statute of limitations governing breach of contract actions by employees or unfair representation actions against unions. *Butler, supra,* 514 F.2d at 446. In the absence of a federal statute of limitations for these actions the Supreme Court has ruled such suits are to be controlled by an "appropriate" *state* statute of limitations. *International Union v. Hoosier Cardinal Corp.,* 383 U.S. 696, 704–705, 86 S.Ct. 1107, 1112–1113, 16 L.Ed.2d 192 (1966). Presented with the task of selecting an "appropriate" state statute of limitations in the context of the Labor Management Relations Act in *Butler,* we concluded a state written contract limitations period (five years) applied to the employee's § 301 breach of contract action against his employer. As to the employee's claim of unfair representation against his union, the court recognized considerations of federal labor law policy prescribed that the same limitations period applicable to an employee's claim against his employer should also govern the employee's related

claim against his union for unfair representation. *Butler, supra*, 514 F.2d at 447–48. Otherwise, unfairness and practical difficulties in apportioning damages would result by subjecting employers and unions to different limitations periods. *Vaca v. Sipes*, 386 U.S. 171, 187, 87 S.Ct. 903, 915, 17 L.Ed.2d 842 (1967); *Abrams v. Carrier Corp.*, 434 F.2d 1234, 1252 (2nd Cir. 1970).

The limitation problem presented here, however, differs from that in *Butler.* The employee's action in *Butler* fell within the purview of the Labor Management Relations Act. The instant case, of course, is brought under the Railway Labor Act. Unlike the situation in *Butler*, Congress has provided a federal statute of limitations for employee claims against *employers* in the two-year limitations period given for district court review of arbitration board decisions under the Railway Labor Act, 45 U.S.C. § 153 (First) (r). In partial recognition of the concern expressed in *Butler* for having "the limitations period for the fair representation claim be the same as that for any underlying breach of contract claim", *Gatlin, supra*, 475 F.Supp. at 1086, the district court concluded a two-year limitations period should also apply to appellants' action against the union. The district court opinion is sound in both its reasoning and its result.

Though under *International Union v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966) selection of state limitations periods for federal actions may be viewed as the norm, it is not mandatory. Rather, "considerations of state law may be displaced where their application would be inconsistent with the federal policy underlying the cause of action under consideration." *Johnson v. Railway Express Agency*, 421 U.S. 454, 465, 95 S.Ct. 1716, 1722, 44 L.Ed.2d 295 (1975).

■ Permitting a statute of limitations in this case in excess of two years would run contrary to the policy of finality of Public Law and Adjustment Board decisions under the Railway Labor Act. Congress has emphasized this finality by, *inter alia*, enacting an extremely narrow scope of review of such decisions by district courts. *Union Pacific R. R. v. Sheehan*, 439 U.S. 89, 94–95, 99 S.Ct. 399, 402–403, 58 L.Ed.2d 354 (1978); *Andrews v. Louisville & Nashville R. R.*, 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972). A limited two-year period for review is allowed. Yet if an employee is given rights to maintain an action against a union beyond this two year period (as appellants herein wish to do) the finality of a board decision is necessarily jeopardized, if not eliminated, because of the interrelated nature between an employee's unfair representation claim against the union and the breach of contract claim, for wrongful discharge in this case, against the employer. *See Butler, supra* 514 F.2d at 447–48; *Howard v. Aluminum Workers International Union*, 589 F.2d 771, 773 (4th Cir. 1978); *Abrams v. Carrier Corp.*, 434 F.2d 1234, 1252 (2nd Cir. 1970). Therefore, in cases of this specific nature, it is necessary to apply a two-year limitations period to preserve the finality of board decisions intended by Congress under 45 U.S.C. § 153 (First) (r).[3]

Moreover, no unfairness attaches to application of a two-year limitations period to unfair representation claims since this, or a shorter time period, has governed when courts, looking to state law, have chosen to characterize unfair representation claims against unions (under the Labor Management Relations Act) as tort actions. *Howard v. Aluminum Workers International Union*, 589 F.2d 771 (4th Cir. 1978) (two-years); *Sanderson v. Ford Motor Co.*, 483 F.2d 102 (5th Cir. 1973) (one-year); *de Arroyo v. Sindicato de Trabajadores Packinghouse*, 425 F.2d 281 (1st Cir. 1970) (one-year).

■ To summarize: appellants' causes of action accrued the date Public Law Board

---

**3.** As noted by the district court, however, "Such a result does not mean that state law limitations periods should not be followed for *other types* of fair representation claims in the context of union activities otherwise covered by the Railway Act or for any fair representation claims in the context of union activities covered by the National Labor Relations Act, and related statutes." *Gatlin, supra*, 475 F.Supp. at 1089. (emphasis original)

596 issued its decision: October 6, 1971. The two-year period of limitations in 45 U.S.C. § 153 (First) (r) applies to their claim for review of the Board's decision, against Missouri Pacific. A two-year limitations period also restricts their suit against the United Transportation Union for unfair representation. Arkansas law does not govern to toll the limitations period. All other arguments raised by appellants, though perhaps not directly addressed by this opinion, have been examined and found to be without merit. Therefore, appellants' suit, filed January 19, 1976, is time barred.

The decision of the district court is affirmed.