Richard COLLETTI, Appellant,

v.

**N.J. TRANSIT CORPORATION,**
body corporate of the State
of New Jersey.

No. 01–3581.

United States Court of Appeals,
Third Circuit.

Submitted May 20, 2002.

Decided July 31, 2002.

Before BECKER, Chief Judge,
GREENBERG, Circuit Judge, and
BARZILAY, Judge, U.S. Court of
International Trade.*

OPINION

BARZILAY, Judge.

Richard Colletti ("Colletti") appeals from a decision of the District Court granting defendant N.J. Transit Corporation's motion to dismiss his complaint pursuant to Fed. R.Civ.P. 12(b)(6). The District Court held that Colletti's claim seeking judicial review of the Special Board of Adjustment's (the "Board") decision under the Railway Labor Act ("RLA") was untimely because his claim was commenced after the two year statute of limitation. *See* 45 U.S.C. § 153 First (r) (1993). Additionally, the District Court found that Colletti's due process claim raised pursuant to 42 U.S.C. § 1983 (1993) was not a separate claim cognizable under the Railway Labor Act. For the reasons that follow, we affirm the District Court's decision.

## I.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291 (2002). The Court has plenary review of a District Court order granting dismissal pursuant to Fed. R.Civ.P. 12(b)(6). *See Weiner v. Quaker Oats Co.*, 129 F.3d 310, 315 (3d. Cir.1997). When the dismissal is based on a finding that the claim was time barred we must determine if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir.1978) (emphasis added) (quoting *Hanna v. United States Veterans' Administration Hospital*, 514 F.2d 1092, 1094 (3d Cir.1975)).

This dispute originated with an incident that occurred over a two day period at the Matawan, New Jersey, train station between Colletti, then a forty-five year old white male and Andre DuBose ("DuBose"), an African–American male. Colletti was employed as a ticket agent for New Jersey Transit Rail Operations, Inc. ("N.J. Transit"). On March 17, 1993, while DuBose was in the waiting room area of the Matawan train station, Colletti and DuBose became engaged in a verbal confrontation culminating with DuBose stating that he was going to file a complaint against Colletti that same day. Colletti alleges that DuBose returned to the station the next day, March 18, 1993, but left when he saw a transit police officer speaking with Colletti.

On March 19, 1993, Colletti was arrested on DuBose's complaint of harassment and charged with a bias crime.[1] Following the arrest and the report of the incident, Colletti was suspended without pay by his supervisor. On April 5, 1993, N.J. Transit held an initial hearing regarding the confrontation; however, neither Colletti nor DuBose attended. Colletti asserts that he did not attend the hearing based on the advice of his counsel. A union representative was present at the hearing and object-

---

* Honorable Judith M. Barzilay, Judge, United States Court of International Trade, sitting by designation.

1. As the District Court noted "[t]he criminal case against Colletti was dismissed by the Monmouth County Prosecutor's Office and his arrest was expunged." *Colletti v. New Jersey Transit Corp.*, No. 00–5793, slip op. at 2 n. 1 (D.N.J. Aug. 23, 2002).

ed to the procedure.[2] At the hearing, two witnesses testified to the incidents. The substance of the testimony supported Du-Bose's version of the events; however, Colletti asserts that the witness' testimony corroborating his actions against Mr. Du-Bose were hearsay because "only police reports and investigative reports of interviews were offered before the hearing official." On April 20, 1993, Colletti's Superintendent entered a discipline ruling which terminated Colletti's employment. Colletti then took an internal appeal to N.J. Transit's Director of Labor Relations, which was denied. "Colletti then appealed to the Special Board of Adjustment, No. 975, which consisted of three members, a neutral member, one member chosen [by] NJ [sic] Transit and one member chosen by Colletti's Union." *Colletti*, No. 00–5793, slip op. at 2. On January 10, 1995, the Board denied Colletti's appeal.

On April 14, 1994, while Colletti's appeal was pending, DuBose filed a civil suit against Colletti and N.J. Transit in New Jersey Superior Court alleging various tort claims. Colletti cross-claimed against N.J. Transit claiming in Count I that N.J. Transit wrongfully terminated his employment and in Count II that N.J. Transit failed to defend him. The superior court severed DuBose's claims from Colletti's cross-claims against N.J. Transit. DuBose's civil case against Colletti and N.J. Transit was tried by a jury and resulted in a verdict of no cause of action. "Apparently, the jury concluded that Colletti had been negligent in his conduct toward Du-

Bose, but also concluded that there were no damages resulting therefrom." "Thereafter, NJ Transit filed a motion to dismiss Colletti's cross-claims and Colletti filed a cross-motion for default against NJ Transit for failing to file an answer to the cross-claims." *Colletti*, No. 00–5793, slip op. at 2–3. On November 21, 1997, a default judgment was entered against N.J. Transit; however, N.J. Transit filed a motion to set aside the default judgment. On April 17, 1998, the superior court vacated the default judgment and N.J. Transit renewed its motion for dismissal or, in the alternative, summary judgment. *Id.* On August 12, 1998, the superior court granted partial summary judgment in favor of N.J. Transit dismissing all claims except those concerning Colletti's claim of reverse racial discrimination, specifically stating the all other claims fell within the exclusive jurisdiction of the federal courts pursuant to RLA, 45 U.S.C. § 151. N.J. Transit then filed for summary judgment on the racial discrimination claims and Colletti filed a cross-motion for reconsideration. Both motions were argued on February 19, 1999. On April 9, 1999, the superior court granted N.J. Transit summary judgment and dismissed Colletti's racial discrimination claims. Colletti then appealed and on June 7, 2000, the New Jersey Superior Court Appellate Division affirmed the lower court's decision. On October 31, 2000, the Supreme Court of New Jersey denied Colletti's petition for certification.

---

**2.** In a subsequent complaint initiating his federal suit against N.J. Transit, Colletti states that "[p]laintiff did not attend or participate on the advice of counsel as the criminal charges were then pending. A representative of plaintiff's Union attended and objected to the matter going forward without plaintiff, of the complainant, Mr. DuBose." [Record at A–82, Count I ¶ 5.] On appeal, Colletti asserts that in addition to the advice he received

from counsel, he did not attend the hearing because (1) he was not properly served notice of the hearing, (2) a criminal proceeding was pending; therefore, contact with the complainant was forbidden, (3) he was invoking his Fifth Amendment rights, and (4) the evidence consisted of discovery that was unavailable because it was sealed by the Monmouth County Prosecutor's Office.

On November 24, 2000, Colletti filed a complaint in Federal District Court seeking judicial review of the Board's decision to terminate his employment, claiming that N.J. Transit had violated his civil rights as guaranteed under 42 U.S.C. § 1983. On June 11, 2001, N.J. Transit moved to dismiss pursuant to L. Civ. R. 7.1 and Appendix N of the Local Civil Rules claiming that Colletti's appeal from the Board's decision was time barred and that his due process claims were not cognizable under the RLA. On August 23, 2001, the District Court agreed and held that Colletti's claim seeking judicial review of the Board's decision was untimely and that his 42 U.S.C. § 1983 claim was not cognizable under the District Court's federal question jurisdiction because the claim was beyond "the extremely narrow framework of review on appeal from the Special Board of Adjustment's decision under the RLA." *Colletti*, No. 00–5793, slip op. at 8.

## II.

Colletti argues that his federal court action was not untimely because the statute of limitations period under the RLA was tolled pending final resolution of the state court matters. Colletti asserts "[t]he District Court's decision is erroneous by its failure to recognize the several unique procedural events that occurred in this case, beyond the control of Mr. Colletti, that support equitable tolling of not only the RLA limitations period, but the applicable two year limitations period in maintaining a 42 U.S.C. § 1983 action." Colletti also claims that the District Court erred in finding that Colletti's claim of due process violations brought pursuant to 42 U.S.C. § 1983 were preempted by the RLA. Additionally, Colletti argues that an alleged violation of a public employee's due process rights affords a fourth ground for judicial review of RLA Adjustment Board decisions.[3]

■ In determining whether Colletti's action was untimely, we first examine the language of 45 U.S.C. § 153. Section 153 First (q) states in pertinent part:

If any employee ... is aggrieved by the failure of any division of to Adjustment Board to make an award in a dispute referred to it, or is aggrieved by any of the terms of an award ... then such employee ... may file in any United States district court in which a petition under paragraph (p) could be filed, a petition for review of the division's order.

Section 153 First (r) states "[a]ll actions at law based upon the provisions of this section shall be begun within two years from the time the cause of action accrues under the award of the division of the Adjustment Board, and not after." Thus, Colletti had two years from the time of the Board's decision to file an appeal of that decision in the District Court. Since the Board's decision was made on January 10, 1995, and Colletti did not file for District Court review of the Board's decision until November 24, 2000, he commenced his action almost three years after the two year stat-

---

**3.** It is settled law that judicial review of Board determinations are constrained by the extremely narrow scope of review mandated by the RLA. *See Union Pacific R.R. Co. v. Sheegan*, 439 U.S. 89, 91, 99 S.Ct. 399, 401, 58 L.Ed.2d 354 (1978)(citation omitted); *see also Atchison, Topeka and Santa Fe Railway Co. v. Buell*, 480 U.S. 557, 563, 107 S.Ct. 1410, 1414, 94 L.Ed.2d 563 (1987). As the District Court pointed out, review is limited to (1) failure of the Special Board of Adjustment to comply with the requirements of the RLA, (2) failure of the Special Board of Adjustment to conform, or confine itself, to matters within the scope of its jurisdiction, and (3) fraud or corruption. *See* 45 U.S.C. § 153 First(q). Colletti's argument attempts to extend the scope of review; for reasons set forth *infra*, however, the Court need not address this claim.

ute of limitation period had expired. Therefore, the only possibility for Colletti to avoid the dismissal of his claims is to have the statute of limitations tolled.

■ Colletti contends tolling is proper here because he was involved in litigation in the New Jersey state courts during the time in question. In essence, Colletti asks for this Court to apply the doctrine of equitable tolling. "Equitable tolling is a doctrine that permits courts to extend a statute of limitations on a case-by-case basis to prevent inequity." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir.2000) (citations omitted).

It is hornbook law that limitations periods are "customarily subject to 'equitable tolling,'" *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990), unless tolling would be "inconsistent with the text of the relevant statute," *United States v. Beggerly*, 524 U.S. 38, 48, 118 S.Ct. 1862, 1868, 141 L.Ed.2d 32 (1998).

*Young v. United States*, 535 U.S. 43, 122 S.Ct. 1036, 1040, 152 L.Ed.2d 79, 87 (2002).

Some courts "have been strict in their interpretation of this statute of limitations based on Congress' express intent to encourage prompt resolution of the railway claims." *Transportation Communications International v. CSX Transportation, Inc.*, 1993 WL 313584, at *3 (N.D.Ill. Aug. 17, 1993), *aff'd*, 30 F.3d 903 (7th Cir.1994) (citing *Gatlin v. Missouri Pacific R.R.*, 631 F.2d 551, 555 (8th Cir.1980) "No circumstances whatsoever exist for the extension of the limitations period...."; *Joint Council Dining Car Employees v. Delaware, L. & W.R.R.*, 157 F.2d 417, 420 (2d Cir.1946) ("[A] court is not justified in finding any exception to, or extension of, this period")). As the Seventh Circuit explained in *Transportation Communications International v. CSX Transportation, Inc.*:

Finally, we note that the proper test for determining whether to toll a limitations period is whether tolling, in a given context, is consonant with the particular legislative scheme. *American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 557–58, 94 S.Ct. 756, 768–69, 38 L.Ed.2d 713 (1974), *accord Joint Council*, 157 F.2d at 421. ("The statutory limitation, like the remainder of the Act, must be construed in an effort to effectuate its purpose and intent."). Congress, in enacting the RLA, placed the burden of resolving minor disputes with the Board. *Union Pacific R.R. Co. v. Sheehan*, 439 U.S. 89, 94, 99 S.Ct. 399, 402–03, 58 L.Ed.2d 354 (1978) (per curiam) ("Congress considered it essential to keep ... 'minor' disputes within the Adjustment Board and out of the courts."). "The effectiveness of the Adjustment Board in fulfilling its task depends on the finality of its determinations." *Id.* Given this policy of finality, as well as the absence of statutory authority by which the Board may reconsider its awards, we would be hard-pressed to hold that tolling is consonant with the RLA's legislative scheme. *Cf. Gatlin*, 631 F.2d at 555 (emphasizing the strict finality of Board decisions under the RLA and the narrow scope of review given district courts in such cases and stating that no circumstances exist for extension of the limitations period and that the decision of the Board must be deemed final).

30 F.3d at 907. This Circuit "[has] exercised caution in using the [equitable tolling] doctrine" to ensure compliance with Congressionally enacted procedural requirements. *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999).

■ Because Colletti's claims arose from the review of his employment termination by the Board, he was required to

file for review of the Board's decision and assert his 42 U.S.C. § 1983 claim in accordance with the two year time limit mandated by 45 U.S.C. § 153 First (r).[4] Colletti's argument for tolling the two year limitation is flawed. We need not decide whether the Seventh Circuit is correct in concluding that equitable tolling is not allowed under the RLA, for our jurisprudence is clear that even if tolling is allowed, it ought to be applied with "caution." *Seitzinger,* 165 F.3d at 240. At all events, Colletti's failure to comply with 45 U.S.C. § 153 First (r) was caused by his own inattentiveness to the two year filing requirement. As a general rule, courts are far less inclined to apply equitable tolling in instances where a plaintiff mistakenly failed to assert his rights.

In other cases, we have explained that equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *United States v. Midgley,* 142 F.3d 174, 179 (3d Cir. 1998) (quoting *Kocian v. Getty Refining & Mktg. Co.,* 707 F.2d 748, 753 (3d Cir. 1983)). In *Seitzinger v. Reading Hosp. & Med. Ctr.,* 165 F.3d 236 (3d Cir.1999), we recently held that "equitable tolling may be appropriate [in a Title VII action] when a claimant received inadequate notice of her right to file suit, where a motion for appointment of counsel is pending, or where the court has

misled the plaintiff into believing that she had done everything required of her." *Id.* at 240 (citing *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984)). In the final analysis, however, "a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Midgley,* 142 F.3d at 179 (quotations marks and citation omitted); *see also Seitzinger,* 165 F.3d at 239 ("The law is clear that courts must be sparing in their use of equitable tolling.").

*Jones v. Morton,* 195 F.3d 153, 159 (3d Cir.1999).

Colletti asserts that equitable tolling is warranted because he reasonably believed that the claims arising out of the Board's decision were preserved by the cross-claims he made during the state proceedings. Colletti however, was on notice that his claims fell within the exclusive jurisdiction of the federal courts.[5] As the District Court stated,

even if the Court did have the power to toll the running of the statute limitations based on Colletti's state court filing, Colletti's claims would still be considered untimely. The state court unequivocally put Colletti on notice that his RLA claims were exclusively within the federal court's jurisdiction on August 12, 1998. If this Court were to apply equitable tolling, Colletti

---

**4.** It is important to note that Colletti's due process claim arose from the alleged violations that occurred during the review of his termination by N.J. Transit and the Board. Thus, both claims that Colletti argues on appeal emanate from the Board's final decision and are governed by the two year statute of limitations.

**5.** The District Court cited to the pertinent part of the state court's decision.

"[a]ll claims alleging any cause of action, other than race discrimination, fall within the exclusive jurisdiction of the Federal Courts pursuant to the Railway Labor Act, 45 U.S.C. § 141....the Court has rejected the argument that Mr. Colletti has any additional rights, outside the Railway Labor Act, concerning his due process claims. His exclusive remedy on those matters lies within the federal courts." *Colletti,* No. 00–5793, slip op at 3.

would have had until August 12, 2000 at the latest to re-file his RLA claims in federal court. Colletti filed his complaint with this court on November 24, 2000, well over two years after the latest possible filing date.

*Colletti,* No. 00–5793, slip op. at 7.

Thus, Colletti knew he was mistaken to rely on state court adjudication for the resolution of claims clearly within the purview of the RLA and its statutory mandated jurisdictional requirements. We conclude that the time limitation set forth in 45 U.S.C. § 153 First (r) should not be equitably tolled in this instance and, therefore, Colletti's action was time barred. Since we find Colletti's action is time barred, we need not and do not address the remainder of his claims.