**Thomas WISE, et al., Plaintiffs,**

v.

**MORTGAGE LENDERS NETWORK USA, INC., et al., Defendants**

**No. CIV.A. 05–4044.**

United States District Court, E.D. Pennsylvania.

March 14, 2006.

Brian R. Mildenberg, Mildenberg & Stalbaum PC, Sherri J. Braunstein, Mildenberg & Stalbaum PC, Philadelphia, PA, for Thomas Wise, Florine Wise H/W, Plaintiffs.

John B. Joyce, Grenen & Birsic PC, Michael A. Burger, Grenen & Birsic PC, Cheryl Roth Herzfeld, The Public Ledger Bldg, Philadelphia, PA, for Mortgage Lenders Network USA, Inc., Savings Mortgage, Inc., John Doe Trust, John Doe Trustee, John Does# 's 1–100, Defendants.

## *MEMORANDUM*

BAYLSON, District Judge.

### I. *Introduction*

Presently before this Court are two Partial Motions to Dismiss, pursuant to F.R. Civ. P. 12(b)(6), filed separately by Defendants Savings Mortgage, Inc. ("Savings Mortgage") and Mortgage Lenders Network U.S.A. ("MLN") (collectively, "Defendants"), contending certain claims are time-barred by the applicable statute of limitations. For the reasons set forth below, Defendants' Motions to Dismiss will be denied.

### II. *Background*

#### A. *Allegations in the Complaint*

This is a predatory lending case. According to the First Amended Complaint, Plaintiffs needed money in order to make necessary repairs and improvements to their home, particularly floor and roof repairs. First Amended Compl. at ¶¶ 19, 24, 32. Seeking to find a fixed, thirty-year conventional loan with a large cash disbursement, they hired Defendant Savings Mortgage as their mortgage broker. Plaintiffs wanted Savings Mortgage to assist them in re-financing their existing mortgage, on which they owed a principal of $80,000, while paying approximately the same monthly payment. *Id.* at ¶¶ 26, 34. Savings Mortgage referred the Plaintiffs to Defendant MLN, a lender engaged primarily in the extension of "sub-prime" mortgage loans. Both Defendants assured them that applying for a loan with MLN was in their best interests. *Id.* at ¶¶ 29, 91.

On or about August 21, 2001, Plaintiffs closed on a mortgage with MLN. *Id.* at ¶ 36. Instead of the promised loan, MLN issued Plaintiffs a thirty-year loan in the principal amount of $97,200, with a variable interest rate starting at 8.9 percent, not to exceed 14.9 percent, and only $2,880 in cash. *Id.* at ¶¶ 37–38, 59. The loan resulted not only in higher monthly payments, but also increased Plaintiffs' secured indebtedness by $17,000.[1] *Id.* at ¶¶ 39, 41, 61, 66. Plaintiffs allege they initially refused to sign at least some of the documents because the loan they were offered was not the one for which they applied and they believed it not beneficial to them, but agreed to the terms after Defendants Savings Mortgage and/or MLN repeatedly promised to refinance the mortgage after two years and disburse cash sufficient for their home repairs at that time. *Id.* at ¶¶ 47–48. Further, they aver they were not notified as to the reasons the originally-desired loan was denied, nor

---

**1.** Plaintiffs incurred approximately $9,000 in fees, a $6,000 prepayment penalty on their first mortgage, and another $2,000 on minor debts they were forced to consolidate with the new mortgage.

were they provided with all necessary disclosures and paperwork prior to the loan closing. *Id.* at ¶¶ 44–45, 77. Despite their promise, Defendant MLN refused to refinance the loan and disburse the promised funds after two years. *Id.* at ¶¶ 32, 42, 54–55. Moreover, because of their reliance on the promise, Plaintiffs assert they did not realize that they had been defrauded until MLN refused to refinance, more than two years after the initial loan. *Id.* at ¶¶ 73, 76, 95. Finally, Plaintiffs sent Defendant MLN a letter of rescission on July 8, 2004, pursuant to the Truth in Lending Act ("TILA"), to which MLN failed to properly respond. *Id.* at ¶¶ 89, 102–108. Thereafter, on July 28, 2005, Plaintiffs filed this civil action.

The First Amended Complaint sets forth ten counts. Relevant to the motions to dismiss are claims against Defendant MLN pursuant to TILA (Count I), the Home Ownership and Equity Protection Act of 1994 ("HOEPA") (Count II), and the Equal Credit Opportunity Act ("ECOA") (Count IV),[2] a common-law fraud claim against both Defendants (Count V), and a common-law claim for breach of fiduciary duty (Count VIII) against Defendant Savings Mortgage. *Id.* at ¶¶ 98–114, 128–148, 174–179. Plaintiffs seek relief in the form of declaratory relief, compensatory damages, treble damages, attorneys' fees and costs and other relief as is reasonable and just. *Id.* at 31–32.

### B. *Procedural Background*

Plaintiffs filed their original complaint on July 28, 2005, followed by an Amended Complaint ("First Amended Complaint")

filed on December 19, 2005. On January 6, 2006 (Doc. No. 11), Defendant MLN filed a Motion to Dismiss Counts I, II, IV and V of Plaintiffs' First Amended Complaint, contending that these claims are time-barred by the applicable statute of limitations. Savings Mortgage filed a Motion to Dismiss Counts V and VIII on January 6, 2006 (Doc. No. 12), similarly alleging a time-bar. On February 2, 2006, Plaintiffs filed separate Responses to Defendant MLN (Doc. No. 16) and Savings Mortgage (Doc. No. 17). Both Defendants then filed Reply briefs (Doc. Nos. 18 and 19) on February 9, 2006.

### III. *Jurisdiction and Legal Standard*

#### A. *Jurisdiction*

This Court has federal question jurisdiction under 28 U.S.C. § 1331, as this action is brought pursuant to numerous federal statutes, including TILA, 15 U.S.C. § 1601 *et seq,* HOEPA, 15 U.S.C. § 1639 *et seq,* and ECOA, 15 U.S.C. § 1691 *et seq.*[3] This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, to consider Plaintiffs' state law claims.

Venue is appropriate in this district, pursuant to 28 U.S.C. § 1391 because the claim arose in this judicial district.

#### B. *Legal Standard*

When deciding a motion to dismiss pursuant to F.R. Civ. P. 12(b)(6), the court may grant the motion only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, the plaintiff is not entitled to relief. *Doug Grant, Inc. v. Greate Bay Casino Corp.,* 232 F.3d 173,

---

**2.** MLN exempts from its motion to dismiss the Plaintiffs' rescission-related claims under TILA (Count I) and HOEPA (Count II). (Def. MLN's Mem. at 4, 6).

**3.** The complaint also asserts a count pursuant to the federal Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq,* but this claim is not the subject of either motion to dismiss.

183 (3d Cir.2000). Accordingly, a federal court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Doe v. Delie,* 257 F.3d 309, 313 (3d Cir.2001).

### IV. Contentions

Defendant MLN moves to dismiss the TILA (excepting rescission) (Count I), HOEPA (excepting rescission) (Count II), ECOA (Count IV), and fraud (Count V) claims, contending that they are time-barred by the applicable statutes of limitations. Defendant Savings Mortgage urges the Court to dismiss the fraud (Count V) and breach of fiduciary duty (Count VIII) claims, similarly arguing that they are untimely. (Def. MLN's Mem. at 4–11; Def. Savings Mortgage Mem. at 3–5, 8–10).

Plaintiffs argue that their claims were timely filed. With regard to the TILA, HOEPA, and ECOA counts, Plaintiffs contend that equitable tolling applies. (Pl's Response to MLN at 11–20). Similarly, Plaintiffs argue Pennsylvania's well-established "discovery rule" is applicable to toll their fraud and breach of fiduciary duty claims. (Pl's Response to MLN at 20–23; Pl's Response to Savings Mortgage at 11–16).

### V. Discussion

#### A. TILA, HOEPA, and ECOA Claims (Equitable Tolling)

■ Under both TILA and HOEPA[4], there is a one (1) year statute of limitations in which an action for damages may be brought. 15 U.S.C. § 1640(e). ECOA imposes a two (2) year statute of limitations for bringing an action. 15 U.S.C. § 1691(e).

■ Generally, a statute of limitations begins to run when the cause of action accrues. *Oshiver v. Levin, Fishbein Sedran & Berman,* 38 F.3d 1380, 1385 (3d Cir.1994). If the limitations period has passed, a Defendant may raise a limitations defense, but only if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson,* 313 F.3d 128, 135 (3d Cir.2002). If a time-bar is not clear based on the face of the complaint, then the motion to dismiss should be denied and the issue should be decided at a later stage of the litigation. *Ballard v. Nat'l City Mortgage Co.,* 2005 WL 147075, *1 (E.D.Pa. Jan.21, 2005) (TILA, HOEPA, and ECOA).

■ Further, the doctrine of "equitable tolling" operates to stop the statute of limitations from running where the claim's accrual date has already passed. *Id.* at 1387. It thus allows a court "to extend a statute of limitations on a case-by-case basis to prevent inequity." *Colletti v. N.J. Transit Corp.,* 50 Fed.Appx. 513 (3d Cir. 2002) (unpublished opinion); *Smith v. EquiCredit Corp.,* 2002 WL 32349873, *3 (E.D.Pa. Oct.4, 2002).[5] The Third Circuit has identified three scenarios when equitable tolling may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action, (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights, or (3) where the plaintiff has timely asserted his or her

---

4. HOEPA is an amendment to TILA and is therefore subject to the same statute of limitations. *Harris v. EMC Mortgage Corp,* 2002 WL 32348324, *3, 2002 U.S. Dist. LEXIS 12251, *6 (E.D.Pa. Apr. 10, 2002).

5. In *Ramadan v. the Chase Manhattan Corp.,* 156 F.3d 499 (3d Cir.1998), the Third Circuit held that TILA's statute of limitations is subject to equitable tolling. *Id.* at 504–05.

rights mistakenly in the wrong forum. *Oshiver*, 38 F.3d at 1387. Thus, pursuant to the first *Oshiver* alternative, equitable tolling is appropriate to avoid unjust results where there has been fraudulent concealment. *Smith*, 2002 WL 32349873 at *4; ·*Solar v. Millenium Financial, Inc.*, 2002 WL 1019047, *2 (E.D.Pa. May 17, · 2002). However, the party seeking tolling must also demonstrate that he or she "exercised reasonable diligence in investigating and bringing the claims." *Miller v. N.J. Dep't of Corrections*, 145 F.3d 616, 618–19 (3d Cir.1998); *Smith*, 2002 WL 32349873 at *4.

Contending that they are time-barred by the applicable statutes of limitations, Defendant MLN moves to dismiss the TILA (excepting rescission) (Count I), HOEPA (excepting rescission) (Count II), and ECOA (Count IV) claims. Defendant argues that, assuming *arguendo* that the alleged violations did occur, they would have occurred on or before the closing date of the loan, August 21, 2001. Thus, the latest Plaintiffs could have raised the claims for damages under TILA and HOEPA was August 21, 2002, and under ECOA was August 21, 2003. Plaintiffs' complaint was not filed until July 28, 2005, and thus is untimely. (Def. MLN's Mem. at 4–11; Def. Savings Mortgage Mem. at 3–5, 8–10).

■ Plaintiffs counter that because their First Amended Complaint sufficiently alleges that many facts were concealed during the course of the loan transactions, these claims should be equitably tolled.

(Pl's Response to MLN at 11–20). Defendants counter by acknowledging in their complaint that "each and every violation of law alleged [in the First Amended Complaint] is or was apparent on the face of the mortgage and the closing documents," First Amended Compl. at ¶ 97, Plaintiffs conceded they were on notice and they cannot now assert that there was fraudulent concealment such that equitable tolling would apply. (Def. MLN's Reply at 1–3).

The Court declines Defendants' invitation to dismiss Plaintiffs' TILA, HOEPA, and ECOA claims. The first prong of equitable tolling is met because Plaintiffs allege facts that suggest an active attempt by both MLN and Savings Mortgage to intentionally defraud them by exploiting their financial need and concealing material terms of the loan. *Smith*, 2002 WL 32349873 at *5–6 (motion to dismiss denied in predatory lending case where plaintiff alleged financial exploitation, false representations and failed disclosures regarding a mortgage because facts, if proven, would equitably toll statute of limitations); *Solar*, 2002 WL 1019047 at *3 (same). Plaintiffs also allege facts that, if true, show Plaintiffs exercised reasonable diligence in investigating and bringing the claims. Specifically, because part of the alleged fraud involved the promise to re-finance Plaintiffs' loan, Plaintiffs arguably were only put on notice of the fraud after roughly two years when MLN did not follow through.[6] Once it became evident that

---

**6.** This allegation belies Defendants assertion that Plaintiffs claims must be dismissed because they plead that "each and every violation of law alleged [in the First Amended Complaint] is or was apparent on the face of the mortgage and the closing documents," First Amended Compl. at ¶ 97, and that "upon receipt of the settlement documents, Plaintiffs refused to sign at least some of the documents ... believ[ing] ... that the loan they were

being given was not the loan for which they applied, and it was not beneficial to them." *Id.* at ¶¶ 46–47. Specifically, the fact that *in retrospect,* the loan documents evince fraud does not change the fact that Defendants' promise to re-finance the loan in two years may excuse their failure *at that time* to investigate. The initial refusal to sign is also not dispositive because the alleged promise was made thereafter, and also may excuse their

MLN was not going to re-finance their mortgage, Plaintiffs notified MLN that they wanted to rescind the loan on July 8, 2004. Further, this Court would be remiss not to note that the Plaintiffs trusted their broker, who had a fiduciary relationship with them, to work for their best interests. Instead, Plaintiffs allege Savings Mortgage and MLN conspired to exploit their financial need and lack of sophistication. These facts, if proven, may equitably toll the applicable limitations period. Accordingly, the TILA, HOEPA, and ECOA claims must survive this motion to dismiss so that the record can be developed as to whether they exercised due diligence in investigating any alleged fraud. *Id. See also Ballard,* 2005 WL 147075 at *1 (whether equitable tolling applies cannot be decided on the pleadings, thus motion to dismiss denied).

### B. Fraud and Breach of Fiduciary Duty Claims (Discovery Rule)

■ Under Pennsylvania law, tort actions, including fraud and breach of fiduciary duty, are subject to a two (2) year statute of limitations. 42 Pa.C.S. § 5524; *Weis–Buy Servs., Inc. v. Paglia,* 411 F.3d 415, 422 (3d Cir.2005) (breach of fiduciary duty); *AAMCO Transmissions, Inc. v. Harris,* 759 F.Supp. 1141, 1144 (E.D.Pa. 1991) (fraud). However, "it is well-established that Pennsylvania law recognizes a "discovery rule" exception to the statute of limitations which delays the running of the statute until the plaintiff knew, or through the exercise of reasonable diligence should have known, of the injury and its cause." *Beauty Time, Inc. v. VU Skin Systems, Inc.,* 118 F.3d 140, 144 (3d Cir.1997). Moreover, when "the underlying events

being sued upon sound inherently in fraud or deceit ... that, without more, will toll the statute of limitations until such time as the fraud has been revealed, or should have been revealed by the exercise of due diligence by the plaintiff." *Id.* (quoting *Gee v. CBS, Inc.,* 471 F.Supp. 600, 622 (E.D.Pa.1979), *aff'd,* 612 F.2d 572 (3d Cir. 1979)).

■ As above, Defendants have moved to dismiss the state law claims,[7] arguing they are untimely. However, Plaintiffs argue Pennsylvania's discovery rule is applicable to toll their fraud and breach of fiduciary duty claims. (Pl's Response to MLN at 20–23; Pl's Response to Savings Mortgage at 11–16). Defendants argue that Plaintiffs' concession that "each and every violation ... was apparent on the face of the mortgage" and that they refused to sign at least some of the mortgage documents shows they knew or should have known of the fraud and breach of duty at the time of the closing. (Def. MLN's Reply at 2; Def. Savings Mortgage Reply at 6–11).

Plaintiffs' underlying complaint "sounds inherently in fraud or deceit" which, pursuant to the Third Circuit's decision in *Beauty Time,* automatically tolls the statute of limitations until such time as the fraud has, or should have, been revealed. *Beauty Time,* 118 F.3d at 144. Plaintiffs have alleged facts that are sufficient to show they did not, and could not, have discovered the fraud and breach until Defendants refused to re-finance their loan two years after the initial closing, in contravention of their initial promise. If true, Plaintiffs state law claims would be within

---

failure to investigate within the statute of limitations.

7. Both MLN and Savings Mortgage move to dismiss the fraud claim (Count V), as it is

asserted against all defendants. Count VIII, the breach of fiduciary duty claim, is only asserted against Savings Mortgage, and thus only their motion moves to dismiss it.

the two year statute of limitation. *Ballard,* 2005 WL 147075 at *1 (state fraud claim survives motion to dismiss pursuant to discovery rule in factually similar predatory lending case). *See also Foster v. EquiCredit,* 2001 WL 177188, *3 (E.D.Pa. Jan.26, 2001) (state law predatory lending claims survive summary judgment). Accordingly, Defendants' respective motions to dismiss the fraud and breach of fiduciary duty claims are denied.

## VI. *Conclusion*

Defendant MLN's Motion to Dismiss Counts I, II, IV and V of Plaintiffs' First Amended Complaint (Doc. No. 11), and Savings Mortgage Motion to Dismiss Counts V and VIII (Doc. No. 12) will be denied.

An appropriate Order follows.

### *ORDER*

AND NOW, this 14th day of March 2006, based on the foregoing memorandum and upon consideration of the pleadings and briefs, it is hereby ORDERED that Defendant Mortgage Lenders Network U.S.A.'s Motion to Dismiss Counts I, II, IV and V of Plaintiffs' First Amended Complaint (Doc. No. 11), and Defendant Savings Mortgage, Inc.'s Motion to Dismiss Counts V and VIII (Doc. No. 12) are hereby DENIED.